**E. R. SIMMONS v. STATE OF FLORIDA**

36 So. (2nd) 207 June Term, 1948
June 25, 1948 En Banc

*B. L. Solomon,* and *Robert L. McCrary, Jr.,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

WHITE, Associate Justice:

This is an appeal from a conviction and sentence for violation of Statute 794.05. At the trial the lower court did not include in its instructions to the jury the charge with respect to the penalty fixed by law for the offense for which the accused was then on trial as required by Statute 918.10. The failure to give the charge is the sole ground for reversal urged by the appellant on this appeal.

Statute 918.10, enacted by the Legislature in the year 1945, provides:

"The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial."

It was held by this Court in Eggart v. State, 40 Fla. 527, 25 So. 144 (1898) that, except in cases involving capital punishment, where a majority of the jury may by a recommendation to mercy in their verdict commute the penalty of death to life imprisonment, the trial jury has no concern with the penalty imposed by statute with respect to criminal offenses; and that instructions upon that subject are inappropriate. See also Osius v. State, 96 Fla. 318, 117 So. 859 (1928). The principle established in those cases still controls as respects the scope of instructions to be given in a criminal prosecution, unless Section 918.10 has abrogated the effect of the cited decisions and now makes mandatory the giving of an instruction as to the penalty fixed by law for the offense for which the accused is then on trial.

In the trial of a criminal case in Florida the function of the jury is to determine the issues of fact. The issues of fact embrace the disputes between the State and the defendant as to what actually existed or occurred at the particular time and place in question. When the State has carried the burden which rests upon it, the jury must apply the law in charge to the facts thus shown to be true in order to arrive at a verdict conformable to law. Hence the sole function of the court's charge is properly to inform the jury concerning the rules of law applicable to the facts in dispute. If the court is required to depart from this course and discuss matters having no bearing on the true function of the jury, the trial necessarily is disconcerted and impeded.

The preservation of the inherent powers of the three branches of government—legislative, executive, and judicial—free from encroachment or infringement by one upon the other, is essential to the safekeeping of the American system of constitutional rule.

This statement is found: (11 Am. Jur., p. 908)

"Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional."

This statement is also found: (16 C.J.S., p. 330).

"Although the legislature may regulate the procedure of trial courts with respect to instructions to juries, it cannot

abridge the power of the judge to charge the law, and direct a verdict where the facts are undisputed, *nor can it require the court to instruct the jury without regard to the evidence offered."* (Underscoring supplied).

In State v. Hopper, 71 Mo. 425 (1880), a statute directed the court, in trials upon indictments charging murder in the first degree to charge upon the law respecting murder in the second degree. Commenting upon the statute, the court said:

"It has always been held to be the duty of the court, in trials for murder, if the evidence would warrant it, to instruct the jury as to murder in the second degree, and if the above section was meant to require such an instruction to be given, without regard to the evidence, we do not hesitate to say that it is such an invasion of the province of the judiciary as cannot be tolerated without a surrender of its independence under the constitution. The legislature can pass any constitutional law it may deem proper, and the courts are bound to observe it, but it cannot prescribe for them what instructions they shall give in a cause, unless they have previously embodied into a legislative enactment as the law of the land the substance of such instructions."

It will be observed that statute 918.10, in directing the court to charge upon the penalty, uses the word "must," rather than "may." If the statute be interpreted as an unqualified mandate that the court in every criminal case include in the charge the penalty which might be imposed, rather than a mere grant of the privilege to so charge, it becomes an unreasonable infringement of the inherent power of the court to perform the judicial function because it burdens the court with doing an empty and meaningless act.

In Fagan v. Robbins, 96 Fla. 91, 100, 117 So. 863 (1928), this Court quoted with approval the following enunciation by the Supreme Court of Pennsylvania:

"The word 'shall' when used by the legislature to prescribe the action of a court is usually a grant of authority, and means 'may' and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power."

**630**

It is a rule of statutory construction that an interpretation will be adopted which will avoid objectionable consequences. 50 Am. Jur., p. 372, et seq.

The provision of the statute in question must be interpreted as being merely directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial.

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS, SEBRING and HOBSON, JJ., concur.