STEPHENSON, GUNTER, Associate Judge.
Appellants, along with Percy Lamb and Harry Courtemanche, were charged in the Criminal Court of Record of Hillsborough County with the offense of breaking and entering with intent to commit a felony, namely, grand larceny, and also with grand larceny.
Percy Lamb and Harry Courtemanche entered guilty pleas and testified for the State. Appellants, Danny Benitez and Herbert Lanis Pippin, Sr., were convicted as charged and after adjudication of guilt were sentenced to serve ten (10) years under the first count of the information.
Appellant Benitez filed his notice of appeal on May 7, 1958, and appellant Pippin filed his notice of appeal on May 14, 1958. These appeals were consolidated by Order of this Court for the purposes of the record on appeal, briefs and oral arguments.
Appellants have filed thirteen (13) assignments of error and in their arguments they urge that if the Court should determine that none of said assignments standing alone is sufficient predicate for prejudicial error, that the composite effect of the errors complained of in said assignments would entitle the defendants to a new trial.
It is contended that the Court erred in permitting the State to argue to the jury on flight, and further, that the Court erred in giving the instruction on flight. Although the record does not reflect when and where the appellants were arrested, it does show that the offense was committed in Hills-borough County in the early morning of August 28, 1957; that the appellants fled the scene of the crime, and that the appellant Pippin by his own testimony left the county and was in Waldo, Florida, around 4:30 or 5:00 A.M. on that date.
Further, the appellants allege that the Court erred in allowing the State to put the character of defendants in issue. The record does not substantiate this assignment.
The appellant Pippin endeavors to establish an alibi and produces one Henry Croft, the Town Marshal of Waldo, Florida, who testified that he saw the appellant Pippin in Waldo between 4:30 and 5:00 A.M. on August 28, 1957, and that Pippin was with a friend of Croft, whose name was Noonan Bradley. The jury was not convinced by the alibi witness.
A careful review of the record in this case reflects that the patience of the Trial Judge was tested on several occasions; however, we fail to find where reversible error has been committed, and after an examination of the entire case, it does not *412 appear to us that the errors complained of have resulted in miscarriage of justice.
The judgments and convictions are hereby affirmed.
KANNER, C. J., and ALLEN, J., concur.