181 So.2d 586 (1965)
Milton HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 65-148.
District Court of Appeal of Florida. Third District.
December 14, 1965.
Rehearing Denied January 26, 1966.
Eli Breger, Miami, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle and Arden M. Siegendorf, Asst. Attys. Gen., for appellee.
Before TILLMAN PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
By this appeal, the defendant seeks review of a jury verdict and judgment thereon finding him guilty of leaving the scene of an accident which resulted in the death of a small child. Upon appeal, the appellant urges error in the introduction of certain photographs of his automobile, contending that same were introduced solely for the purpose of prejudicing or inflaming the minds of the jurors; and, secondly, that the court erred in not instructing the jury as to the penalty for the crime informed against, citing § 918.10(1), Fla. Stat., F.S.A. We find no error and affirm.
The photographs were properly identified. The reasonable inference from the evidence was that they were of the defendant's automobile, and the appellant has cited us no authority that their introduction constituted error. The Supreme Court of Florida has specifically held that notwithstanding the language of § 918.10 (1), Fla. Stat., F.S.A., it is not mandatory on the trial court to give instructions as to the penalty. See: Cason v. State, 159 Fla. 294, 31 So.2d 274; Simmons v. State, 160 Fla. 626, 36 So.2d 207. Particularly is this so when no such instruction was requested by the defendant. See: White v. State, *587 Fla.App. 1960, 122 So.2d 340; Peel v. State, Fla.App. 1963, 154 So.2d 910.
Therefore, the conviction, judgment and sentence here under review be and the same is hereby affirmed.
Affirmed.