197 So.2d 850 (1967)
Robert Joseph McBRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. H-456.
District Court of Appeal of Florida. First District.
April 11, 1967.
*851 George G. Phillips, Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SPECTOR, Judge.
Appellant was convicted of robbery after a jury trial in which he was represented by the public defender.
The robbery occurred at a gasoline filling station in the early morning hours. The station attendant positively identified the appellant as the person who held a sawed-off shotgun on him during the episode. Of this, the testimony given at the trial seems to leave no reasonable doubt, and the jury apparently so found.
Appellant presents two questions for review by this court. First, there is the contention that the trial judge's charge to the jury on the element of flight was prejudicial to the defendant. It is argued that the language employed in giving the charge to the jury suggested the defendant's guilt. Examination of the instruction in light of the record indicates that it is supported adequately and fairly by the evidence.
In contrast to appellant's contention that the court's charge to the jury was suggestive of the defendant's guilt, it clearly appears that the jury was influenced to that view by the direct "eyeball" testimony of the station attendant who gave a vivid account of the assault made upon him by the appellant while armed with a sawed-off shotgun.
The second ground for reversal urged by appellant was the trial court's refusal to include in its instructions to the jury a charge requested by the defendant as to the statutory penalty for the offense of robbery. Appellant directs our attention to the provisions of section 918.10(1), Florida Statutes, 1965, F.S.A., which purports to require the judge presiding over the trial to include in his charge the penalty fixed by law for the offense for which the accused is being tried. While appellant, with commendable candor, concedes that the cited statutory provision is generally construed as being discretionary rather than mandatory, citing Holmes v. State, Fla.App., 181 So.2d 586, he seeks to distinguish this case from Holmes by stating that in the instant case there was a specific request for an instruction on penalty, whereas in Holmes there does not appear to have been an express request for the instruction.
The distinction sought to be made by appellant here is without merit. From the language found in Simmons v. State, 160 Fla. 626, 36 So.2d 207, we are convinced that the basis for holding the statutory requirement for an instruction on the penalty to be discretionary rather than mandatory is not dependent upon whether such instruction is requested or, if requested, that it be done in writing. Rather, it is a question of preservation of the inherent powers of the three branches of government  legislative, executive, and judicial  free from encroachment by one branch upon the functioning of the other.
In holding the provisions of section 918.10(1), Florida Statutes, F.S.A., to be discretionary and not mandatory, the Supreme Court in Simmons v. State, 36 So.2d 207, reasoned as follows:
"It will be observed that statute 918.10, in directing the court to charge upon the penalty, uses the word `must,' rather than `may.' If the statute be interpreted as an unqualified mandate that the court in every criminal case include in the charge the penalty which might be imposed, *852 rather than a mere grant of the privilege to so charge, it becomes an unreasonable infringement of the inherent power of the court to perform the judicial function because it burdens the court with doing an empty and meaningless act."
In view of the reasoning upon which the construction of the penalty provision of Section 918.10(1), Florida Statutes, F.S.A., is based, it is readily apparent that it matters not whether such an instruction is requested orally or in writing.
The appellant having failed to demonstrate reversible error, the judgment appealed from is affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.