CARLTON, Justice:
This direct appeal has been taken from a sentence of death passed upon appellant by Circuit Court, Palm Beach County, following appellant’s indictment, trial and conviction without recommendation of mercy for the crime of rape. Article V, Section 4(2), Florida Constitution, F.S.A. We affirm.
The following facts were not disputed at trial. At approximately six o’clock A.M. on July 14, 1968, appellant broke through a screened window and entered the kitchen of a house in West Palm Beach. Appellant proceeded through the house, taking money from at least one pocketbook and rifling the contents of another. The house was occupied by three sleeping persons: the victim, a young woman, her small child and the victim’s elderly grandmother. The victim and her child were down from North Carolina visting the grandmother; the victim’s husband was still in that State.
The victim was awakened when appellant switched off a light left burning through the night as a comfort for the child. She found appellant standing near her child’s crib a short distance away from her bed. It is at this point that a dispute in the facts arises. Appellant’s position is that the prosecuting witness willingly responded to his erection and that she did not resist the ensuing intercourse ; if this were true, the transaction would not have been rape. But she testified, and the jury believed her, that she was horrified to discover appellant’s presence near her child, that appellant had a knife in hand, and that he forced her to submit at knife-point. She said that she was “frozen with fear” and did not scream out lest appellant harm her child, who was by then awake and watching from her crib, or the grandmother, who remained asleep in another room. Medical examination of the victim revealed cuts on her torso which the jury apparently accepted as being caused by appellant’s knife.
After the intercourse, appellant left the house immediately. A neighbor testified that he saw a Negro running away from the house wearing clothes generally corresponding to the description of appellant’s clothes as given by the victim. The victim called the police at once. The police checked their files after securing a description of *382 the assailant, and they determined the description matched photographs of appellant, who apparently had been imprisoned previously on other offenses. Word was left with appellant’s mother that he was wanted for questioning. Early that afternoon he presented himself to the police.
It is not necessary to detail the events that followed. Appellant was arrested at the station. His constitutional rights were safeguarded and counsel was appointed for his defense. He pled not guilty. At trial he was identified in court by the victim. The evidence presented to the jury was quite ample to support the conviction.
Two specific issues have been raised on appeal. Neither have merit. The first issue involves mention of a lie detector test. While the jury was out of court, there was a discussion of the fact that when appellant was arrested, he asked for a lie detector test. Appellant’s counsel objected to the prosecution’s eliciting this from the arresting officer, and the Court sustained the objection on grounds of immateriality. When the jury was again seated, the prosecution asked the arresting officer if appellant had made any statements upon arrest. The officer replied that appellant had requested a lie detector test. The Court sustained an objection to this and cautioned the jury to disregard the answer. The Court did not grant a motion for mistrial. The officer was again asked if anything was said upon arrest. The officer replied that appellant made no comment. We find no impropriety in the Court’s denial of the mistrial motion. See Belk v. State, 167 So.2d 239 (2nd D.C.A.Fla.1964).
The second issue concerns instructions given by the Court at the conclusion of argument. The jury was instructed regarding the penalties involved in rape, assault with intent to commit rape, aggravated assault, and assault and battery. Appellant contends in his brief that the “articulation of penalties for offenses lesser than rape are no concern to the jury and such instruction is in error.” Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948) is cited as authority.
Appellee’s brief contains the following succinct response to the above issue which we set out here with approval:
“The answer to the above question must be in the negative. Section 918.10(1) reads as follows:
‘The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalties fixed by law for the offense for which the accused is then on trial.’
“Although the above quoted statutory provision has been held to be merely directory and the word ‘must’ has been construed to mean ‘may’, Simmons v. State [160 Fla. 626], 36 So.2d 207 (Fla.1948), nevertheless because of the existence of the statute and the construction placed upon it in Simmons, a trial court at least has the discretion and the authority to instruct on penalties as it sees the need.”
The instructions given by the trial judge were proper. See Brown v. State, 206 So.2d 377 (Fla.1968). We find no error in the inclusion of penalties in these instructions.
Having considered the record and evidence in accord with the mandate of Fla. Stat. § 924.32(2), F.S.A., we conclude that the conviction was justified, supported by evidence and free from error. The conviction is affirmed.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.
THORNAL, J., heard oral argument but did not participate in the decision.