PIERCE, Chief Judge.
Appellant Arthur Conner was informed against in the Manatee County Court of Record on April 16, 1968, for the offense of armed robbery, and after being tried before a jury and found guilty, he was adjudged guilty by the Court of said offense and sentenced to life imprisonment.
On December 21, 1970, he filed motion in the trial Court to vacate and set aside said judgment and sentence because he had been deprived of due process of law in that (1) “The Trial Judge failed to properly instruct The Jury”, citing F.S. § 918.10, F.S. A., and (2) in the Justice of the Peace Court where he “was held to answer To The charge of Robbery * * * this Court was being used in place of a ‘Line Up’ ”. On December 30, 1970, said motion to vacate was denied, and Conner has appealed to this Court from such order.
On April 20, 1971, the local Public Defender representing Conner on this appeal by appointment of the trial Court, filed brief on behalf of Conner setting forth that he “has searched the Record and cannot find any matter which would justifiable support a reversible and a setting aside of the judgment and sentence in this case, and has been unable, from Appellant’s hand-written motion to vacate the judgment, to find anything of merit”, and he thereupon “requests to be withdrawn as attorney of record herein”, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
On May 7, 1971, following customary procedure in this Court in similar situations, order was entered herein reciting that said Public Defender “has caused a copy of his brief in this cause to be served on the appellant” Conner, and thereupon allowing Conner to “within thirty (30) days, if he wishes to do so, file an additional brief calling the Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause.”.
On May 24, 1971, Conner filed a handwritten document which we will consider as a brief, and on June 9, 1971, the State filed herein its reply.
We have carefully considered the entire record on file here in this cause and fail to find any reversible error in the proceedings in the Court below.
In Conner’s motion to vacate and his brief here in support thereof he contends he was denied due process of law because the trial Court failed to follow F.S. § 918.-10, F.S.A. in instructing the jury and also because of something alleged to have happened not intelligibly set forth, in the Justice of the Peace Court.
F.S. section 918.10, F.S.A. provides that the trial Judge shall charge the jury “on the law of the case and must include the penalty for the offense for which the accused is being charged”. By innuendo Conner seems to contend that the trial Judge failed to charge the penalty. But while said quoted portion of the provisions of § 918.10 appears on its face to be mandatory, yet it has been judicially construed by the Supreme Court of Florida as not being mandatory, but at best only directory and not binding on trial courts. Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207. Referring to F.S. § 918.10, F.S.A. the Court in Simmons said:
“The provision of the statute in question must be interpreted as being merely *162 directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial.”
The 3rd District Court, in Holmes v. State, Fla.App.1965, 181 So.2d 586 and McClure v. State, Fla.App.1958, 104 So.2d 601, following Simmons, held to the same effect. We follow their holding.
As to the reference to some “occurrence” in the Justice of the Peace Court, such is completely outside the scope of a postconviction proceeding under Rule 1.850, 33 F.S.A., and a long array of cases so hold. Even a complete denial of a preliminary hearing cannot deprive a defendant of due process of law, because it is not an essential stage in a criminal proceeding and it is not, ordinarily, a critical step in the prosecution, absent a showing of prejudice. Lawson v. State, Fla.App.1968, 215 So.2d 790; Sangaree v. Hamlin, Fla.1970, 235 So.2d 729; Anderson v. State, Fla.1970, 241 So.2d 390; Harrison v. Wainwright, Fla.App.1971, 243 So.2d 427.
Conner did not mention in his additional brief the “occurrence” in the Justice of the Peace Court, and there is nothing in the record-on-appeal to substantiate his contention. The Lower Court, after examining the file, found that his motion was without merit, and the Public Defender, appointed to represent Conner, also examined the record and could not find any merit in his motion. We likewise find no merit. Conner has, therefore, failed to show prejudice.
The order appealed from is accordingly—
Affirmed.
LILES and McNULTY, JJ., concur.