268 So.2d 566 (1972)
James Garfield WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-472.
District Court of Appeal of Florida, Third District.
November 14, 1972.
Phillip A. Hubbart, Public Defender and Alan S. Becker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The appellant was charged by information with second degree murder. He was tried before a jury in the criminal court of record of Dade County and convicted of third degree murder, of which crime he was adjudged guilty and sentenced to imprisonment for a period of fifteen years.
On appeal therefrom the appellant contends the trial court committed reversible error by including in the charges given to the jury a charge on flight, arguing that the evidence did not afford basis for the charge.
On consideration of the record and briefs we conclude the appellant's contention is without merit. The defendant was residing with his wife and her teen aged daughter by a prior marriage. In the course of a quarrel and struggle between the defendant and his wife in their home, the woman was shot and killed. Immediately thereafter the defendant left the premises. When the police upon arrival found he had departed, they sought and found him in a friend's apartment hiding in a bedroom, crouched behind a dresser.
On that evidence the trial court did not commit error in charging the jury on flight. Under the law flight is considered to exist when an accused departs from the vicinity of the crime under circumstances such as to indicate a sense of fear, or of guilt or to avoid arrest, even before the defendant has been suspected of the crime. It is only a circumstance of guilt, to be considered by a jury under an appropriate charge. See Noeling v. State, Fla. 1949, 40 So.2d 120; Mackiewicz v. State, Fla. 1959, 114 So.2d 684.
Affirmed.