COWART, JOE A., Jr., Associate Judge.
Defendant, convicted of aggravated assault on Ezekiel “Zeak” Young, Jr., in the Nassau Bar at 3:00 o’clock, a. m., alleges reversible error because the trial court admitted similar fact evidence that the defendant had also shot Lila Gilbert outside the same bar about 3 hours earlier and because the trial court did not give a cautionary instruction relating thereto when requested at the time Lila Gilbert testified.
The issue is whether the evidence of the prior crime showed only general criminal disposition or propensity or bad character and was erroneously admitted or whether it was relevant and had probative value as to some material fact in issue in the case and properly admissible under Williams v. State, Fla.1959, 110 So.2d 654, cert. den. 361 U.S. 847, 80 S.Ct. 102, 4 L. Ed.2d 86. Part of the problem with collateral crime evidence is that criminal cases are tried on the general denial of a not guilty plea and, as the controverted or genuine issues are unknown until the defense rests and the weight of the evidence unknown until the verdict is in, the State must try every issue; that is, every element of the offense charged and of every les *297 ser included offense and the identity of the accused as the perpetrator. The shooting of Lila Gilbert twice in the left arm for no reason other than to prove that the accused would shoot her (there was no evidence that Lila doubted it!) and the later snapping of the pistol twice in Lila’s face, possess probative value tending to convince one that three hours later the accused possessed a depraved mind regardless of human life (an element and issue under the lesser included offense of assault with intent to commit second degree murder.) In Thomas v. State, 152 Fla. 756, 13 So.2d 148 (1943), evidence of a prior encounter between the accused and a third party was approved because, “It was about matters closely enough connected with the main transaction to show the mental attitude of appellant at the time of the crime and may be said to be a part of the res gestae.” Such testimony also had probative value as to the accused’s possession of a deadly weapon, an element and issue under the lesser charge of aggravated assault.
The Lila Gilbert matter was a mere incident in this trial and did not become the feature as was held reversible in Green v. State, 228 So.2d 397 (Fla.App.2d 1969), cert. den. 237 So.2d 540 (Fla.1970). Three eye witnesses identified the appellant as the shooter of Ezekiel Young, Jr., and a police officer testified to her spontaneous admission. There was no miscarriage of justice, and, if error occurred, it did not injuriously affect the substantial rights of the appellant and the harmless error rule applies, see F.S. Sec. 924.33 and Sec. 59.041, F.S.A., and Keel v. State, Fla.App.4th, 1971, 243 So.2d 630.
There is dicta in the Green case to the effect that a limiting instruction as to the use of that testimony should have been given when such testimony was introduced. Trial judges often give cautionary instructions before or immediately following testimony received for special or limited purposes.[1] Neither rule of procedure nor constitutional procedural due process requires the giving of cautionary instructions during trial as opposed to giving them at the traditional time after final argument. The timing of a cautionary instruction is properly within the exclusive discretion of the trial judge who, knowing its purpose, is in the best position to “feel” when it would be most appropriate.[2]
The trial judge advised the jury that simple assault was a lesser included offense; he defined it and supplied the jury with a separate verdict form for that offense. There was no error merely because the definition of that offense was also used as part of the definition of aggravated assault.
The judgment and conviction is affirmed.
Affirmed.
WALDEN and DOWNEY, JJ., concur.

. Examples are instructions as to accomplice and informer and expert testimony, character and reputation evidence, flight or concealment evidence, confessions, and similar fact (collateral crime) evidence.

. To the extent F.S. See. 918.10(1), F.S.A., limits trial judges to instruction of the jury only after final argument of counsel, it is merely directory and not binding, see Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207; McBride v. State, Fla.App.1967, 197 So.2d 850; and Conner v. State, Fla.App.1971, 253 So.2d 160. We are not unmindful of Bass v. State, 1935, 121 Fla. 208, 163 So. 485, which appears to hold that a cautionary instruction should be given before an accomplice’s testimony is heard. That case does not relate to similar fact evidence and it is obvious the majority felt the accomplices were unreliable. Hard cases make bad law. That was decided long before the adoption in 1967 of our Florida Rules of Criminal Procedure. The giving of such an instruction immediately before a witness testifies can be, in a particular case, tantamount to advising the jury that the trial judge believes that witness is unreliable. If such an inflexible rule is to be enforced by reversal, it and its mandatory nature should not lie sleeping in an ancient volume but should be adopted by the Supreme Court and placed prominently in the Rules of Procedure where it can be noticed by the large number of members of the bench and bar who are now moving in and out of the criminal division and criminal practice.