297 So.2d 35 (1974)
Aaron JOHNSON, a/k/a Aaron Ferguson, Appellant,
v.
STATE of Florida, Appellee.
No. 73-878.
District Court of Appeal of Florida, Second District.
June 26, 1974.
James A. Gardner, Public Defender, and Robert B. Persons, Jr., Asst. Public Defender, Sarasota, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was tried for and convicted of second degree murder. His only point on appeal is that despite his request the judge did not instruct the jury on the penalty for the crime with which he was charged.
Rule 3.390(a) of the Florida Rules of Criminal Procedure, 33 F.S.A. provides that:
"The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial." (emphasis added)
The predecessor of this rule was § 918.10(1), F.S.A., which contained identical language insofar as pertinent to this case.
In Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207, the Supreme Court interpreted this statute as permitting the trial court the discretion of whether to give the charge. This decision was followed in Holmes v. State, Fla.App.3d, 1965, 181 So.2d 586, and McBride v. State, Fla.App.1st, 1967, 197 So.2d 850.
In spite of the language of Simmons suggesting that the jury's function is limited to that of determining guilt, appellant argues that the real basis for the decision in Simmons was that the legislature had no right to dictate court procedure. However, the Supreme Court does have the right to dictate court procedure, and by having chosen to adopt a rule on the subject, appellant argues that the Supreme Court meant the language of this rule to be interpreted according to its "obvious" meaning.
In light of the previous judicial construction of the same language, we feel obliged to affirm. However, we are certifying to the Supreme Court the question herein as a matter of great public interest, not because we think it should be mandatory that the jury be instructed on the penalty for the crime which is charged, but because we think there may be doubt concerning the interpretation of this rule.
We believe most trial judges are of the opinion they have the discretion whether *36 or not to give the charge. If they are correct the Supreme Court will be in a position to confirm this fact and may even wish to alter the wording of the rule. On the other hand, if the Supreme Court intended that the instruction be given in every instance, there is no other way to enforce the rule in light of the prevailing interpretation to the contrary. Since the Supreme Court will have the last word on this case and since that court also adopts the Rules of Criminal Procedure, the certification of the case should enable the matter to be set at rest.
The judgment is affirmed.
MANN, C.J., and McNULTY, J., concur.