308 So.2d 38 (1974)
Aaron JOHNSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 45849.
Supreme Court of Florida.
December 11, 1974.
Rehearing Denied March 5, 1975.
*39 James A. Gardner, Public Defender, and Robert T. Benton, II, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for respondent.
FERRIS, Circuit Judge.
This cause is here on petition for writ of certiorari, supported by certificate of the District Court of Appeal, Second District, that its decision (Johnson v. State, 297 So.2d 35) is one which involves a question of great public interest. Pursuant to Fla. Const., Article V, Sec. 3(b)(3), F.S.A., we have jurisdiction.
The petitioner in this case was tried by jury, convicted, and sentenced to life imprisonment on an information charging him with second degree murder. Before the case was submitted to the jury, defense counsel requested in writing that the trial judge instruct the jury as to the maximum penalty for the offense in accordance with Rule 3.390(a), Fla.Rules of Criminal Procedure. This requested instruction was denied. After conviction, petitioner appealed to the District Court of Appeal, Second District, which affirmed the trial Court, relying mainly on Simmons v. State, 1948, 160 Fla. 626, 36 So.2d 207, but it certified to this Court the question of whether the language in the above designated rule is mandatory or directory. If the requirements of the rule are mandatory, it must be complied with by the trial judge; if, however, such language is directory only, the granting or denying of a request for such instruction would rest within the sound discretion of the trial judge.
Rule 3.390(a) provides:
"The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial."
the language of which was lifted almost verbatim from the provisions of Sec. 918.10(1), F.S.A.
This Court, in construing the statutory requirement of charging the jury on the penalty fixed for the offense, said in Simmons v. State, 36 So.2d 207, 209 (1948)
"The provision of the statute in question must be interpreted as being merely directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial."
This interpretation was buttressed by the later decisions in Holmes v. State, Fla. App.3d, 181 So.2d 586 (1965), McBride v. State, Fla.App. 1st, 197 So.2d 850 (1967).
While it is true that Simmons, as contended by petitioner, also concerned itself *40 with the propriety of the legislature's attempt to infringe on a trial court's inherent power to perform its judicial function, (thus causing the infirmity which petitioner says is cured by the adoption of a rule of procedure by this Court) it is also equally true that the statute was not struck down as invalid but was interpreted by this court as containing directory rather than mandatory language. The rationale of this construction is best stated in the opinion itself, 36 So.2d at page 208:
"In the trial of a criminal case in Florida the function of the jury is to determine the issues of fact. The issues of fact embrace the disputes between the State and the defendant as to what actually existed or occurred at the particular time and place in question. When the State has carried the burden which rests upon it, the jury must apply the law in charge to the facts thus shown to be true in order to arrive at a verdict conformable to law. Hence the sole function of the court's charge is properly to inform the jury concerning the rules of law applicable to the facts in dispute. If the court is required to depart from this course and discuss matters having no bearing on the true function of the jury, the trial necessarily is disconcerted and impeded."
This rationale acquires new strength and vitality from the language of Standard Jury Instructions in Criminal Cases 2.14 (as validated by Rule 3.985 of the Florida Rules of Criminal Procedure) which instructs the jury that it is not to be concerned with the imposition of any penalty if it reaches a verdict of guilty, except as it may be connected with a recommendation of mercy.
We hold, therefore, that the district court of appeal was correct in its holding that the provision in Rule 3.390(a), requiring the trial judge to charge the jury on the penalty fixed by law for the offense for which the accused is then on trial, is directory and not mandatory and the certified question is answered accordingly. The matter is being referred to the Committee on Standard Criminal Jury Instructions for immediate consideration in light of this opinion.
The writ of certiorari is discharged.
ADKINS, C.J., and ROBERTS, McCAIN and OVERTON, JJ., concur.