308 So.2d 182 (1975)
John Steven COOPER, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Florida Division of Corrections, Respondent.
No. 74-63.
District Court of Appeal of Florida, Fourth District.
February 21, 1975.
*183 James M. Russ and Michael F. Cycmanick of James M. Russ, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for respondent.
ALDERMAN, JAMES E., Associate Judge.
On April 20, 1972, appellant was found guilty by a Circuit Court jury in Seminole County, Florida, of use of a firearm in the commission of a felony, aggravated assault, and attempted robbery. He received a twenty year sentence on the charge of using a firearm in the commission of a felony, a five year consecutive sentence on the charge of aggravated assault, and was not sentenced on the attempted robbery charge.
Appellant originally sought appellate review of these convictions before this court by habeas corpus in Case No. 73-160. Habeas corpus was denied. Cooper v. Wainwright, Fla.App. 1973, 274 So.2d 607, certiorari denied, Fla. 1973, 280 So.2d 686. Appellant next filed habeas corpus proceedings in the United States District Court, Middle District of Florida, Orlando Division. The Federal Court found that appellant's trial counsel had neglected to *184 file a timely notice of appeal and that this neglect of counsel resulted in denial of his right of appeal. The State of Florida was directed to afford him an appeal or in the alternative to re-try him or release him. The State then petitioned this court for the granting of a belated appeal. By order entered January 22, 1974, this court, under authority of Hollingshead v. Wainwright, Fla. 1967, 194 So.2d 577, afforded appellant the opportunity for full appellate review.
Appellant presented five points for review. We will consider each of these points.

I

SUFFICIENCY OF THE EVIDENCE
Appellant argues that his convictions for attempted robbery and use of a firearm in the commission of a felony should be reversed because of insufficient evidence. In reviewing the sufficiency of the evidence in this case, we must assume that the jury believed that credible testimony most damaging to the defendant and drew from the facts established those reasonable conclusions most unfavorable to the defendant. Parrish v. State, Fla.App. 1957, 97 So.2d 356. The question is not what we think ought to have been done, or what we may have done if we were sitting as the jury in this case, but whether as reasonable men and women, the members of the jury could have found from the evidence such verdicts. Taylor v. State, 139 Fla. 542, 190 So. 691 (Fla. 1939).
The evidence reveals that appellant had been negotiating with the several men (who unknown to appellant were police officers acting in an undercover capacity) for the delivery of a very large quantity of marijuana. As the negotiations progressed, appellant agreed to supply 700 pounds of marijuana. Payment of $56,000 cash was to be made upon receipt of the marijuana. Prior to the time set for closing of the transaction, the undercover officers displayed to appellant large sums of money as evidence of their serious intentions to do business. Appellant claimed to be able to deliver the marijuana. A rendezvous was arranged for the early morning hours of December 4, 1971. Appellant met the four undercover officers for the apparent purpose of delivering the 700 pounds of marijuana in exchange for the $56,000 cash. In fact, appellant had no marijuana. After all the participants had assembled, appellant told the undercover officers to follow him to another location so they could get the marijuana. When they arrived, one of the undercover officers walked over to the rear of a van to inspect the marijuana. He started to open the rear door and observed two men in the van armed with shotguns. At this point in time, appellant got out of the driver's side of his car, pointed a pistol at one of the undercover officers and told him to "freeze". The officer ducked, drew his pistol, identified himself as a police officer, and fired one shot at appellant. The officers were ultimately able to disarm, arrest and take into custody the appellant and the other persons present who were not police officers. In addition to the appellant and the two men with shotguns in the back of the van, the driver of the van was also armed.
Appellant argues that the burden was upon the State to prove that he had intended to commit the crime of robbery and specifically that at the time he exited the driver's side of his automobile and pointed his pistol at the undercover officer he had the intent to commit robbery. Appellant contends that the record is devoid of any evidence to support the finding that such intent existed in his mind.
We agree that the crime of attempted robbery requires the formation of an intention to commit the crime of robbery and the doing of some physical act intended to accomplish the commission of the crime. We cannot agree, however, that the evidence presented to the jury in this case failed to support the existence of such requisite intent. On the issue of criminal *185 intent the jury may consider the accused's conduct before, during and after the alleged attempt, along with any other relevant circumstances. Bailey v. State, Fla. App. 1967, 199 So.2d 726. From the totality of circumstances in this case the jury could have reasonably concluded that appellant did intend to attempt a robbery and did some physical act which was intended to accomplish the commission of this crime. The jury could also have reasonably found that appellant unlawfully used a firearm during the commission of a felony, to-wit: attempted robbery. We find the evidence sufficient to support the jury's verdict.

II

CONSOLIDATION FOR TRIAL WITH OTHER DEFENDANTS
Appellant's case was consolidated for trial with that of George H. Johnson and Gary Lee Herndon. Defendants Johnson and Herndon were both charged with the same attempted robbery as appellant. Defendant Johnson was also charged with the offense of unlawful use of a firearm while committing a felony and aggravated assault. Defendant Herndon had no other charge.
Rule 3.190(k) of the Florida Rules of Criminal Procedure (1972) applicable at the time of trial of this case, provided as follows:
"Motion for Consolidation. Upon motion of the State or a defendant, the court may order two or more indictments, informations or affidavits to be consolidated for trial, if the offenses, and the defendants if more than one, could have been joined in a single indictment, information or affidavit. The procedure thereafter shall be the same as if the prosecution were under a single indictment, information or affidavit."
Appellant contends that his conviction should be reversed because the State's motion for consolidation was presented to and granted by the trial judge ex parte and without notice to appellant or his counsel.
The trial judge should have allowed notice prior to entry of the order of consolidation, even though consolidation of these cases were proper under the Rule. However any error in this instance appears to be harmless. After entry of the order of consolidation appellant acquiesced and made no objection. Nor did he, as allowed by Rule 3.190(j), Florida Rules of Criminal Procedure (1972), move to have his case severed as he could have done if he had been improperly joined with the other defendants or if he had been prejudiced by the joinder. It does not appear that prejudicial error was committed by trial court in consolidating the three cases for trial.

III

IMPROPER ARGUMENT BY PROSECUTOR
Appellant argues that the comments of the prosecuting attorney made during his opening statement and closing argument were so inflammatory and prejudical in nature as to deprive him of his right to a fair trial.
It should be noted that no objections were raised by appellant during the trial to any of the prosecutor's comments. Under the rule established by the Supreme Court in State v. Jones, Fla. 1967, 204 So.2d 515, we would not be required to review the challenged comments since no timely objections were made.
However, in view of appellant's allegation that the prosecutor's comments were of such character and magnitude as to constitute fundamental error, we have considered this point on appeal. After reviewing the prosecutor's comments in their totality we are of the opinion that the remarks complained of were not of such a nature that would have required a mistrial at the time they were made or would require a reversal on appeal, even if timely objection had been made.

*186 IV

JURY INSTRUCTIONS
Appellant complains that the trial court's instructions to the jury were inadequate in that they failed to contain instructions on attempted larceny and attempted aggravated assault. Appellant did not request the giving of such instructions and did not object to the instructions as given by the trial judge. Appellant at no time made known to the trial judge the action which he desired the court to take, or his objection to the action of the court and his grounds therefore. He can not now for the first time raise these issues on appeal. Williams v. State, Fla. 1973, 285 So.2d 13; McPhee v. State, Fla.App. 1971, 254 So.2d 406; Florida Appellate Rules, Rule 6.7(g).
Appellant did request an instruction to the jury on penalties as provided by Florida Criminal Procedure Rule 3.390(a). The trial judge's refusal to give such an instruction was preserved for appellate review. At the time oral arguments in this case were presented, the First and Second District Courts of Appeal had reached contrary conclusions on this question. The Second District in Johnson v. State, Fla. App. 1974, 297 So.2d 35, held that the language of the rule was directive and not mandatory and permitted exercise of discretion by the trial court on whether to charge on penalties. The First District in Terry v. State, Fla.App., 302 So.2d 142 (Opinion filed October 22, 1974), reached an opposite result, holding that the rule made an instruction on penalties mandatory. The conflict however has now been resolved. Johnson v. State, supra, was certified from the Second District Court to the Supreme Court as one which involved a question of great public interest. The Supreme Court took jurisdiction and in Johnson v. State, Fla., 308 So.2d 38 (Opinion filed December 11, 1974), held that the Second District was correct in its holding that the provision in Rule 3.390(a) relating to the instruction of the jury on the penalty fixed by law for the offense for which the accused is then on trial is directory and not mandatory. That being the case the trial judge below did not err in refusing to instruct on penalties.

V

LEGALITY OF SENTENCES
Appellant raises two points concerning the legality of the two sentences which were imposed.
First, he contends that the 20 year sentence under Count I, for use of a firearm while committing a felony in violation of Florida Statute 790.07(2), is illegal because on April 20, 1972, at the time he was sentenced, this crime by statute had been made a felony of the second degree, punishable by a maximum imprisonment of 15 years. General Laws of Florida, Chapter 71-136, § 741. Appellant's contention is without merit. The new statute did not go into effect until January 1, 1972. On the date of the offense, December 4, 1971, the applicable statute allowed a maximum imprisonment of 20 years. The law is well established that in cases such as this the penalty provision in existence at the time of the alleged offense controls. Raines v. State, Fla. 1900, 42 Fla. 141, 28 So. 57; Turner v. State, Fla. 1924, 87 Fla. 155, 99 So. 334; Wood v. Cochran, Fla. 1960, 118 So.2d 193; Collins v. State, Fla.App. 1972, 271 So.2d 156; Ellis v. State, Fla.App. 1974, 298 So.2d 527; Rozinski v. State, Fla.App. 1974, 298 So.2d 546.
The second point challenges the legality of the five year consecutive sentence under Count II for aggravated assault. We agree with appellant on this point. Count I, of the Information, charges that the appellant:
"... in the vicinity of K-Mart parking lot, Fern Park, Florida willfully and unlawfully display, use, threaten, or attempt to use a firearm, to-wit: a pistol, while committing or attempting to *187 commit a felony, to-wit: robbery, by pointing said firearm at James I. Jones, in violation of Florida Statute 790.07(2)."
Count II, of the Information charges that the appellant:
"... in the vicinity of K-Mart parking lot, Fern Park, Florida, JOHN S. COOPER on the victim James I Jones, did then and there unlawfully make an assault without intent to kill, with a deadly weapon, to-wit: a pistol, and in furtherance of said assault, the Defendant, JOHN S. COOPER, did then and there point the said deadly weapon at the said victim in violation of Florida Statute 784.04."
In each count the gravaman of the offense is the same  the pointing of the pistol at James I. Jones. We recognize that in some circumstances a person might be sentenced for aggravated assault and also for use of a firearm while committing a felony. For example see the case of Wade v. Wainwright, Fla.App. 1972, 266 So.2d 378, wherein this court held that pistol-whipping a victim following a robbery was the separate offense of aggravated assault and separate sentences for the robbery and the aggravated assault were proper. However in this case, the same act of pointing the pistol is an essential element of the State's case on both counts. The two crimes charged were facets of the same criminal act. The 5 year consecutive sentence for aggravated assault must be set aside. Cone v. State, Fla. 1973, 285 So.2d 12.

CONCLUSIONS
For the reasons stated the appellant's adjudication of guilt and 20 year sentence on Count I, for use of a firearm while committing a felony, is affirmed. The 5 year sentence on Count II, for aggravated assult, is reversed and the case remanded with directions that sentence be vacated.
It is so ordered.
MAGER and DOWNEY, JJ., concur.