PER CURIAM.
The defendant Beamon was found guilty by a jury of the offenses of robbery and displaying a firearm while committing a felony. The court adjudicated him guilty and imposed sentence of sixty years in the state penitentiary.
The only point raised by the appellant pertains to certain instructions given to the jury by the court after the panel had retired to initially deliberate on the original charges.
*605 In essence, the record shows that the trial judge was given this case to try shortly before the trial was actually scheduled to commence. Through inadvertence, the judge failed to instruct the jury upon the less severe offense, count two of the information (displaying a firearm), and he also did not give the jury the penalty fixed by law after giving thq jury the proper instructions on count two.
In toto, the jury was recalled twice for further instructions. The appellant complains that the “totality of the circumstances” reveals that the instructions were confusing, over-emphasizing certain issues, all to the defendant’s prejudice.
Our scrutiny of the record, however, demonstrates that the appellant’s contention is without merit.
First, it is clear that the appellant did not timely object to the court’s failure to instruct on count two, and he therefore did not properly preserve that issue for appellate consideration. Florida RCrP 3.390 (d); F.A.R. 6.7 (g); Clements v. State, Fla.App.1973, 284 So.2d 700; Moore v. State, Fla.App. 1974, 299 So.2d 119.
Next, while the judge initially did not inform the jury as to the penalty for count two, he did recall the jurors for a second time in order to relate the penalty. In any event, it is now the law that the giving of such, a charge is discretionary with the trial court. Johnson v. State, Fla.1974, 308 So.2d 38.
Finally, we think the errors complained of have not been shown to be either confusing or so prejudicial as to mandate a new trial. Cf. Dykman v. State, Fla.App. 1974, 300 So.2d 695.
Therefore, for the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.