316 So.2d 261 (1975)
Jack LAVATT a/K/a Jack Levatt, Petitioner,
v.
STATE of Florida, Respondent.
No. 46244.
Supreme Court of Florida.
June 25, 1975.
James A. Gardner, Public Defender, and Robert T. Benton, II, and Harold H. Moore, Asst. Public Defenders, for petitioner.
Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
This cause is here on petition for certiorari, supported by certificate of the Second District Court of Appeal 300 So.2d 300 that its decision is one which involves a question of great public interest, specifically whether Rule 3.390, FRCrP, mandatorily requires a trial judge to include, when requested, in the instructions to the jury the penalty fixed by law for the offense for which the accused is charged.
Subsequent to the filing of this petition, we answered that question in the negative in Johnson v. State, 308 So.2d 38 (Fla. 1975).
The identical question having been answered, the writ is hereby discharged on the basis of Johnson v. State, supra.
ADKINS, C.J., and ROBERTS and McCAIN, JJ., concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice (concurring).
I concur in the result of this case and the policy articulated in Johnson v. State, *262 308 So.2d 38 (Fla. 1975). I do not believe that the desired policy should be reached, however, by construing as "directory" the plain, mandatory language of Rule 3.390(a). We promulgated the Rule, and if we are dissatisfied now with the way it is worded then we should change it. We have the power and should assume the responsibility to make our own rules as clear and readable as humanly possible. There will always be situations when we will have to decide whether to apply one of our rules, but there should never be a situation in which our rules either say what we do not mean or mean what we do not say.