363 So.2d 405 (1978)
Robert Wayne TASCANO, Appellant,
v.
STATE of Florida, Appellee.
No. KK-22.
District Court of Appeal of Florida, First District.
October 18, 1978.
*406 Michael J. Minerva, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
BOYER, Judge.
Appellant urges that the trial court reversibly erred in denying his request that the jury be instructed in accordance with Fla.R.Crim.P. 3.390(a) [as amended, effective July 1, 1977] as to the maximum sentence which could be imposed for the offense charged.
That rule now provides:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial. (Emphasis supplied)
To those acquainted with the English language the word "shall" is construed as mandatory. That connotation has support in case law. See In the Interest of S.R. v. State, 346 So.2d 1018 (Fla. 1977); Holloway v. State, 342 So.2d 966 (Fla. 1977); City of Orlando v. County of Orange, 276 So.2d 41 (Fla. 1973); Neal v. Bryant, 149 So.2d 529 (Fla. 1962); Johnson v. State, 355 So.2d 857 (Fla. 3d D.C.A. 1978); In the Interest of J.W.H. v. State, 345 So.2d 871 (Fla. 1st D.C.A. 1977); White v. Means, 280 So.2d 20 (Fla. 1st D.C.A. 1973); Florida Tallow Corporation v. Bryan, 237 So.2d 308 (Fla. 4th D.C.A. 1970); United Bonding Insurance Company v. Tuggle, 216 So.2d 80 (Fla. 2d D.C.A. 1968); Headley v. State ex rel. Bethune, 166 So.2d 479 (Fla. 3d D.C.A. 1964). Indeed, the placing by the courts of strained or unusual meanings on ordinary words tends to engender suspicion and distrust of the very institution and those responsible for its stewardship, the Judges. We are therefore most reluctant to interpret the rule contrary to the obvious and usual meaning of the words employed by the Supreme Court in it promulgation.
However, it is prior decisions of the Supreme Court itself which leads to our difficulties. In Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948), our Supreme Court construed Chapter 22775, Section 1, Laws of Florida (1945), which amended Section 918.10, Florida Statutes (1941), and which provided that a judge in his charge to the jury "must include in said charge the penalty fixed by law for the offense for which the accused is then on trial"[1] as being merely directory and not mandatory.[2] The court stated:
It will be observed that statute 918.10, in directing the court to charge upon the penalty, uses the word "must" rather than "may". If the statute be interpreted as an unqualified mandate that the court in every criminal case include in the charge the penalty which might be imposed, rather than a mere grant of the privilege to so charge, it becomes an unreasonable infringement of the inherent power of the court to perform the judicial function because it burdens the court with doing an empty and meaningless act. Id. 36 So.2d at 208.
Thereafter, the Supreme Court adopted former Fla.R.Crim.P. 3.390(a), the verbiage of which was virtually identical to that of F.S. 918.10(1). That rule provided:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offenses for which the accused is then on trial. (Emphasis supplied)
*407 In Johnson v. State, 297 So.2d 35 (Fla.2d DCA 1974), cert. discharged 308 So.2d 38 (Fla. 1975), the defendant had asserted that the court erred in denying his requested jury instructions on the penalty for the crime with which he was charged, arguing that the Supreme Court, with its right to dictate court procedure, by its adoption of Rule 3.390(a) had intended that the language of the rule be interpreted according to its "obvious" meaning. The Supreme Court relying on the Simmons decision, while acknowledging that it was at least partially based upon the separation of powers doctrine, concluded that the provisions of the Rule requiring an instruction on penalties was directory and not mandatory.[3]
Accordingly, although Rule 3.390(a) has been amended since the Johnson decision and its progeny, in light of the previous judicial decisions construing the term "must" as "may", we are hesitant to conclude that the rule, by use of the term "shall", means what it says and is accordingly mandatory. We therefore affirm and hold that the trial court did not err in refusing to instruct the jury as to the maximum and minimum penalties.
In order to facilitate the Supreme Court's review of this decision, we certify that it passes on a question of great public interest. Article V, Section 3(b), Florida Constitution.
McCORD, C.J., and MILLS, J., concur.
NOTES
[1] See also, § 918.10(1), Fla. Stat. (1977).
[2] See also, McBride v. State, 197 So.2d 850 (Fla. 1st D.C.A. 1967) and Holmes v. State, 181 So.2d 586 (Fla. 3d D.C.A. 1965).
[3] See Johnson v. State, 308 So.2d 38 (Fla. 1975). Accord, State v. Terry, 336 So.2d 65 (Fla. 1976); Huckeba v. State, 322 So.2d 30 (Fla. 1975); Lavatt v. State, 316 So.2d 261 (Fla. 1975); Dorminey v. State, 314 So.2d 134 (Fla. 1975); Winston v. State, 308 So.2d 40 (Fla. 1975); Golson v. State, 353 So.2d 195 (Fla. 3d D.C.A. 1977); MacMainor v. State, 328 So.2d 264 (Fla. 1st D.C.A. 1976); Dowis v. State, 326 So.2d 196 (Fla. 4th D.C.A. 1976); Kelsey v. State, 317 So.2d 445 (Fla. 1st D.C.A. 1975); Howard v. State, 316 So.2d 654 (Fla. 3d D.C.A. 1975); Wheat v. State, 315 So.2d 203 (Fla. 1st D.C.A. 1975); Roper v. State, 315 So.2d 206 (Fla. 1st D.C.A. 1975); Beamon v. State, 314 So.2d 604 (Fla. 3d D.C.A. 1975); Sweet v. State, 313 So.2d 130 (Fla. 2d D.C.A. 1975); Pullman v. State, 311 So.2d 753 (Fla. 3d D.C.A. 1975); Gomez v. State, 309 So.2d 56 (Fla. 2d D.C.A. 1975); Cooper v. Wainwright, 308 So.2d 182 (Fla. 4th D.C.A. 1975); Ballard v. State, 307 So.2d 826 (Fla. 1st D.C.A. 1975); McIntyre v. State, 306 So.2d 160 (Fla. 4th D.C.A. 1975); Howard v. State, 306 So.2d 153 (Fla. 1st D.C.A. 1975); Boykin v. State, 305 So.2d 831 (Fla. 1st D.C.A. 1975).