378 So.2d 111 (1980)
Willie MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1006/T4-104.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Richard L. Jorandby, Public Defender, and Peter D. Blanc, Asst. Public Defender, West Palm Beach, for appellant.
*112 Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
COBB, Judge.
At the trial of this cause in April, 1978, the defendant's request that the jury be instructed as to the applicable penalty was denied by the trial court. The defendant's conviction of aggravated battery is appealed on the basis of that denial.
Previous to amendment of Rule 3.390(a), Florida Rules of Criminal Procedure, in 1977, the rule and its predecessor statute (Section 918.10, Fla. Stat.), had been interpreted by the courts as directory rather than mandatory. Johnson v. State, 308 So.2d 38 (Fla. 1974) and Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948).
The Appellant contends, and we agree, that the Florida Supreme Court by its 1977 rule amendment changing the word "must" to "shall" intended to supersede the prior court interpretations and to mandate the penalty instruction. Accordingly, we disagree with the rationale of Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978), relied upon by the State, which adheres to the interpretation of the rule and the statute prior to the 1977 Amendment. We believe the general principle of statutory construction regarding changes in language is applicable here. As stated in Swartz v. State, 316 So.2d 618, 621 (Fla. 1st DCA 1975): "... in making material changes in the language of a statute, the legislature is presumed to have intended some ... alteration of the law . ." If the Supreme Court intended no change, the 1977 amendment was meaningless. We conclude that the Supreme Court intended the word "shall" to have the mandatory meaning indicated in Webster's New Collegiate Dictionary 1056 (1979).
Nevertheless, we cannot accept this Appellant's conclusion that reversible error resulted from the trial court's denial of the penalty instruction. The reason for this is Instruction 2.15 in the Florida Standard Jury Instructions, 2nd Edition, adopted by the Florida Supreme Court in Standard Jury Instructions in Criminal Cases, 327 So.2d 6 (Fla. 1976), which reads as follows:
You are to disregard the consequences of your verdict. You are impaneled and sworn only to find a verdict based upon the law and the evidence. You are to consider only the testimony which you have heard (along with the other evidence which has been received) and the law as given to you by the court.
You are to lay aside any personal feeling you may have in favor of, or against, the state and in favor of, or against, the defendant. It is only human to have personal feeling or sympathy in matters of this kind, but any such personal feeling or sympathy has no place in the consideration of your verdict.
When you have determined the guilt, or innocence, of the accused, you have completely fulfilled your solemn obligation under your oaths.
This instruction has never been rescinded and is still the law of Florida. Therefore, the defendant logically cannot be entitled to reversal of his conviction upon the basis that the jury was not afforded information which it was then obligated to disregard. Indeed, to instruct jurors in one breath as to the applicable penalty and then, in the next, admonish them to disregard what they have just been told is suggestive of a Lewis Carroll fantasy flight back and forth through the legal looking glass.
For the foregoing reasons, the conviction is affirmed on the basis of the harmless error rule.
AFFIRMED.
DAUKSCH, C.J., concurs.
ORFINGER, J., concurs specially with opinion.
ORFINGER, Judge, concurring specially:
The dictionary definitions of the words "must" and "shall" are virtually identical. In common usage, the word "must" has a more preemptory or mandatory significance than does the word "shall". Starting then with the premise that as used in former *113 Rule 3.390(a), Fla.R.Crim.P., the word "must" was directory only and not mandatory, as indicated in Simmons v. State, 36 So.2d 207 (Fla. 1948) and Johnson v. State, 308 So.2d 38 (Fla. 1974), it is difficult for me to place a peremptory or mandatory meaning on the word "shall" as used in the current version of that Rule, when "must" and "shall" mean the same thing. For this reason, I believe that the opinion in Tascano v. State, 363 So.2d 405 (Fla. 1st DCA, 1978) is correct and that the trial judge may exercise his discretion in giving to the jury or withholding from them a penalty instruction.
However, I agree that if the majority opinion correctly interprets the present Rule, the result should be the same. If the jury is to follow the instruction contained in Standard Jury Instruction 2.15 (327 So.2d 6, Fla. 1976) and determine only the guilt or innocence of the accused without regard for the consequences of its verdict and without passion or prejudice for or against the accused, of what benefit to the jury is a penalty instruction? I can see no other purpose than to sway the jury one way or the other, and thus place it in the dilemma mentioned in the main opinion.
For these reasons, I concur in the result reached by the majority opinion.