378 So.2d 902 (1980)
John Lucky WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-558/T4-444.
District Court of Appeal of Florida, Fifth District.
January 16, 1980.
Richard L. Jorandby, Public Defender, and Rendell Brown, Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for appellee.
*903 DAUKSCH, Chief Judge.
Appellant, charged with robbery, was convicted of aggravated assault and appeals from the judgment contending that the trial judge erred in giving a "flight" instruction to the jury and in refusing to give instructions on the maximum and minimum sentence.
Appellant was a passenger in a car when the driver picked up a hitchhiker who bought them all beer. Four hours later and "feeling good" they proceeded toward another destination. An altercation ensued between the appellant and the hitchhiker and the hitchhiker started yelling for help. Meanwhile, from a nearby parking lot two sheriff's deputies in separate cars saw the hitchhiker calling for help and began chase with blue lights on but no sirens. About a quarter of a mile after the deputies saw the car, the hitchhiker jumped or fell from the car and the deputies said the pursued car traveled an additional quarter of a mile before it stopped. The driver of the car testified that he slowed down after the victim fell and that when he saw the blue lights he pulled over right then and there. The vehicle had been traveling about 45 miles per hour.
Over objection, the Court gave the following jury instruction:
The flight of a person accused of a crime raise[s] no presumption of guilt, but it is a circumstance that goes to the Jury, to be considered by you with all of the other testimony and circumstances, and should be given such weight as you may determine it is entitled to.
The rule is that when a suspected person in any manner endeavors to escape or evade a threatened prosecution by flight or concealment, such may be shown in evidence as one of a series of circumstances from which guilt may be inferred.
The actions of appellant in this case are not evidence that the appellant fled the vicinity or hid himself or did anything indicating an intent to avoid detection. See Barnes v. State, 348 So.2d 599 (Fla. 4th DCA 1977); Williams v. State, 268 So.2d 566 (Fla. 3rd DCA 1972). Because evidence of flight may be a circumstance tending to prove guilt of the charged crime a flight instruction should be given only when the evidence of flight as defined above is clearly established. The evidence of flight was not established in this case so it was inappropriate and prejudicial error to give the instruction. See also Noeling v. State, 40 So.2d 120 (Fla. 1949), Proffitt v. State, 315 So.2d 461 (Fla. 1975), Spinkellink v. State, 313 So.2d 666 (Fla. 1975), Martinez v. State, 346 So.2d 1209 (Fla. 3rd DCA 1977), Williams v. State, 268 So.2d 566 (Fla. 3rd DCA 1972), Hargrett v. State, 255 So.2d 298 (Fla. 3rd DCA 1971), Betancourt v. State, 228 So.2d 124 (Fla. 3rd DCA 1969), Benitez v. State, 113 So.2d 410 (Fla. 2d DCA 1959).
Appellant cites as error also the trial judge's refusal to give an instruction to the jury in regard to the penalty the accused could receive upon conviction.
In Florida Rules of Criminal Procedure, 3.390(a) it is provided:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed (including probation) for the offense for which the accused is then on trial.
The appellant says the word "shall" is to be interpreted in its usual "mandatory" sense whereas the appellee urges "shall" means "may" and thus we should follow the decision of our sister court which held, reluctantly, that the rule allows, but does not require, the trial judge to give the charge. Tascano v. State, 363 So.2d 405 (Fla. 1st DCA 1978). We cannot follow the reasoning in Tascano and must declare the word "shall" as used by the Supreme Court when establishing rules of court procedure means exactly what it usually means and as defined in an accepted dictionary.[1] Although we can understand the reasoning of the court in Tascano we disagree. Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948), is *904 sufficient authority to engage in the act of changing the meaning of a word or interpreting the meaning of the court's rule. Simmons, like McBride v. State, 197 So.2d 850 (Fla. 1st DCA 1967) and Holmes v. State, 181 So.2d 586 (Fla. 3rd DCA 1965) are interpretations of statutory wording and these cases are based on the reasoning that the legislature may attempt to direct the procedure in the courts but it cannot mandate court procedure. Because our Supreme Court established Florida Rules of Criminal Procedure 3.390(a) after the Simmons decision and in the same language as the statute, Section 918.10(1), Florida Statutes (1970), we must conclude the court meant exactly what is said in the rule and we will not try to interpret what the court "must have meant."
We hold it error, but not necessarily reversible error in all cases for the trial judge to refuse to give the instruction as required under Rule 3.390(a) and because we must reverse the conviction for the error in giving the flight instruction, upon retrial the sentence instruction shall be given if requested properly.
REVERSED AND REMANDED.
SHARP, J., and McDONALD, PARKER LEE, Associate Judge, concur.
NOTES
[1] Webster's New Collegiate Dictionary  "shall ... 2 ... b  used in laws, regulations, or directives to express what is mandatory ..."