PER CURIAM.
The petition for writ of habeas corpus is denied. DeCastro claims that his appellate *496 counsel’s failure to raise on appeal, see DeCastro v. State, 359 So.2d 551 (Fla. 3d DCA 1978), the trial court’s refusal to instruct the jury on the penalties for the offenses being tried, denied him effective assistance of counsel. This claim must fail because at the time of DeCastro’s 1976 trial it was not mandatory under the then Florida Rule of Criminal Procedure 3.390(a) for the trial court to instruct on penalties. See State v. Terry, 336 So.2d 65 (Fla.1976); Huckeba v. State, 322 So.2d 29 (Fla.1975); Lavatt v. State, 316 So.2d 261 (Fla.1975); Dorminey v. State, 314 So.2d 134 (Fla.1975); Johnson v. State, 308 So.2d 38 (Fla.1975); Golson v. State, 353 So.2d 195 (Fla. 3d DCA 1977). Since the instruction was not required when DeCastro was tried, it is obvious that we would have found no error in the trial court’s refusal to give it and, accordingly, can find no ineffectiveness in DeCastro’s counsel not raising this point on appeal. The Supreme Court’s decision in Tascano v. State, 393 So.2d 540 (Fla.1980), holding the penalty instruction mandatory is no help to DeCastro, because Tascano construed the 1977 amendment to Florida Rule of Criminal Procedure 3.390(a). Tas-ca no's retroactive application to those “who have preserved this point of appeal” is obviously limited to those defendants tried after the amendment.
Petition denied.