STATE of Wisconsin, Plaintiff-Respondent,

v.

Irving P. MUENTNER, Defendant-Appellant.

Supreme Court

*No. 86–0458–CR. Argued April 1, 1987.—Decided June 2, 1987.*

(On certification from the court of appeals.)

(Also reported in 406 N.W.2d 415.)

For the defendant-appellant there were briefs in the court of appeals by *Thomas M. Croke* and oral argument by *Thomas M. Croke,* Milwaukee.

For the plaintiff-respondent the cause was argued by *Matthew Frank,* assistant attorney general, with whom on the briefs (court of appeals) was *Bronson C. La Follette,* attorney general.

DAY, J. This case comes to us on a certification from the court of appeals, sec. 809.61, Stats., and is an appeal from a judgment of conviction entered December 9, 1985, in the circuit court of Winnebago county, Hon. Robert A. Hawley, Circuit Judge, against Irving P. Muentner (Defendant), of two counts of making false entries in the books of the Winnebago County Bank, in violation of sec. 221.08(1), Stats.[1] Defendant had originally been charged with three felony counts of violating provisions of the State Banking Code, ch. 221, but was convicted on lesser included misdemeanors under sec. 221.08(11). The statute of limitations had run on the misdemeanor offenses prior to the commencement of the original felony prosecution.

---

[1]Section 221.08(11), Stats., provides:

"**221.08 Board; officers; duty to hold and attend meetings; penalty.** . . . (11) Any person who shall make a false entry in said book, or who shall change or alter any entry made therein, shall be deemed guilty of a misdemeanor, and upon conviction thereof, be punished by a fine of not less than $100 nor more than $500, or by imprisonment in the county jail not less than 30 days nor more than 6 months, or by both such fine and imprisonment."

The question certified to this court is: "When a defendant is brought to trial on a felony and requests a lesser included offense, for which the statute of limitations has run, has the defendant waived the right to rely on the statute of limitations when convicted of that lesser included offense?" We conclude that a defendant's request for submission of such an instruction and verdict does not work a "waiver" of the statute of limitations defense. We hold, in the instant case, that the Defendant did not waive his statute of limitations defense. The trial court was without jurisdiction to enter the judgment of conviction. We therefore reverse the conviction.

The Defendant was president of the Winnebago County Bank. On May 29, 1985, he was charged with two felony counts of falsifying bank entries with intent to deceive bank examiners contrary to sec. 221.39, Stats.,[2] and an additional felony count of

[2]Section 221.39, Stats., provides:

"**221.39 Theft, how punished.** Every president, director, cashier, officer, teller, clerk or agent of any bank or mutual savings bank who steals, abstracts or wilfully misapplies any of the moneys, funds, credits, or property of the bank or mutual savings bank, whether owned by it or held in trust, or who without authority of the directors, issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report of statement of the bank with intent in either case to injury or defraud the bank or mutual savings bank or any person or corporation, or to deceive any officer of the bank or mutual savings bank, or any other person, or any agent appointed to examine the affairs of such bank or mutual savings bank; or any person who, with like intent, aids, or abets any officer, clerk or agent in the violation of this section, upon conviction thereof shall be imprisoned in the Wisconsin state prisons not to exceed 20 years."

receiving a "kickback" in exchange for making a loan to a corporation contrary to sec. 221.40.[3]

A trial was held on November 12, 13 and 14, 1985. At trial, Defendant requested a jury instruction and verdict on sec. 221.08(11), Stats., a misdemeanor and lesser included offense of sec. 221.39. The State objected to submission of the lesser included offense instruction on the ground that the applicable statute of limitations had run on misdemeanor offenses.[4]

The conduct upon which the original felony charges were based took place in August and September, 1981. The prosecution, brought in May, 1985, was brought well within the six-year period of limitations for felony prosecutions. *See,* sec. 939.74, Stats. However, a misdemeanor prosecution would have been

---

[3]Section 221.40, Stats., provides:

"**221.40 Bank officers and employes not to take commissions.** Any officer, director, agent or employe of any bank, or mutual savings bank, who for himself or herself, directly or indirectly, takes, accepts or receives, or offers or agrees to take, accept or receive, any commission, fee, compensation, or thing of value whatever, from any person in consideration of the bank, or mutual savings bank, of which he or she is an officer, director, agent or employe, loaning any money to, buying or discounting any note, bond, draft, or bill of exchange from, or accepting any draft for, or issuing any letter of credit to, such person, shall be fined not to exceed $10,000 or imprisoned in the Wisconsin state prisons not more than 2 years or both."

[4]The applicable statute of limitations is set forth in sec. 939.74(1), Stats., which provides:

"**939.74 Time limitations on prosecutions.** (1) Except as provided in sub. (2), and sec. 946.87(1), prosecution for a felony must be commenced within 6 years and prosecution for a misdemeanor or for adultery within 3 years after the commission thereof. Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed."

untimely under the limitations statute. The parties agree that the three-year limitations period on misdemeanor prosecutions expired prior to the filing of the original felony charges.

The State argued to the trial court that the lesser included offense instruction should be submitted only if the Defendant expressly waived the statute of limitations defense. The Defendant declined to waive such defense. The trial court gave the lesser included offense instruction and reserved a decision on the waiver issue until motions after verdict.

The jury acquitted the Defendant of the charged felonies,[5] and found him guilty of two counts of the lesser included misdemeanors under sec. 221.08(11), Stats.

At a December 9, 1985 post-verdict hearing the trial court found that the Defendant implicitly waived the statute of limitations defense when he requested the lesser included offense instruction.[6] The trial court

---

[5]The jury returned not guilty verdicts on all felony counts. The felony charge under sec. 221.40, Stats., is not involved in the present appeal.

[6]In reaching this decision, the trial court relied on *United States v. Williams,* 684 F.2d 296 (4th Cir. 1982), *cert. denied,* 103 S. Ct. 739. The trial court noted that the *Williams* Court thought it significant that the *defendant* requested the lesser included offense instruction. The trial court stated that Muentner requested the lesser included offense instruction and benefitted from it in that the jury returned a guilty verdict on the misdemeanor charges. As in *Williams,* reasoned the trial court, the defendant cannot derive benefit from requesting the lesser included offense instruction and then ask that the charge be dismissed due to expiration of the statute of limitations. The trial judge then stated:

"I am going to make a finding that [the request for the lesser included instruction] is an implicit waiver; that he has waived—to waive personal jurisdiction which there is not subject matter

entered judgment of conviction. Notice of appeal of the conviction was filed March 5, 1986. The court of appeals certified the case to the court and certification was accepted December 2, 1986.

The State's argument rests on the theory that Wisconsin law provides, in a criminal case, the statute of limitations defense may be waived, and in the instant case such defense was waived. At oral argument, the State asserted that the "fundamental question" was whether there had been a waiver of the statute of limitations defense. The State conceded that if there was no waiver, the conviction should be overturned.

The State notes that both state and federal courts have allowed defendants to waive the statute of limitations as a bar to convictions. The State cites *State v. Pohlhammer,* 78 Wis. 2d 516, 254 N.W.2d 478 (1977), to support the proposition that in Wisconsin, where, according to the State, the statute of limitations "is a matter of personal jurisdiction," the statute of limitations defense may be waived.

The State then looks to other jurisdictions, which allegedly permit waiver of the statute of limitations defense, for their statement of the policy reasons supporting waiver. The chief policy reason, says the State, is "that the waiver gives a defendant a strategic option to employ when defending himself during trial."

The State argues that "allowing" a defendant to waive his statute of limitations defense accords the

jurisdiction by asking for a lesser included offense he has waived in essence that personal jurisdiction and therefore, the court would enter a judgment of conviction for the two counts as received by the rendition of the jury verdict."

defendant a benefit in that by being able to present the jury with the option of conviction of a lesser included offense, the jury is thereby not forced into the difficult choice of either acquittal or conviction of a more serious offense.

Representative of the types of cases cited by the State are *People v. Lohnes,* 76 Misc. 2d 507, 351 N.Y.S.2d 279 (1973), and *Tucker v. State,* 417 So. 2d 1006 (Fla. Ct. App. 1982). Underlying the results in *Lohnes* and *Tucker* is a relationship between the statute of limitations defense and the right to a lesser included offense instruction which differs from the Wisconsin scheme. In New York and Florida, if the statute of limitations runs on a particular crime, there may be no instruction given on that crime unless the defendant waives the statute of limitations defense.

Hence, in cases such as *Lohnes* and *Tucker,* courts emphasize that defendants must be given the right to waive the statute of limitations in order to benefit from the lesser included offense instruction. The *Lohnes* court stated:

> "Criminal defendants in general, and not merely in this case, would suffer marked injustice from being denied this option [of conviction on a lesser included offense]. It would have the practical effect, in case after case, of forcing convictions in a higher degree where guilt is plain, but where, if given the choice ... a jury might convict for the lesser included degree of a given crime. The right and option must be preserved to all defendants to waive the statute of limitations so as to avail themselves of [this] protection ..." 357 N.Y.S.2d at 282.

The theory of the courts in jurisdictions which give *Lohnes-Tucker*-type effect to the statute of limitations is expressed by the *Tucker* court as a matter of fairness to the defendant: "A defendant who believes that a criminal statute of limitations no longer works to his advantage, should be permitted to waive that statute either before trial or before the jury retires." *Tucker*, 417 So. 2d at 1013.

The statute of limitations is not given the same effect in Wisconsin, and it therefore is inappropriate to argue that the trial court here was "allowing" the Defendant to waive his statute of limitations defense in order to preserve his "right and option" to benefit from a lesser included offense instruction.

Statutes of limitation in criminal cases create a bar to prosecution, and are not merely statutes of repose, as they are in civil cases. *Polhammer*, 78 Wis. 2d at 523, citing 21 Am. Jur. 2d *Criminal Law*, sec. 154 (1965). When the statute of limitations runs in a criminal case, prosecution is barred because the court no longer has personal jurisdiction over the defendant. *Pohlhammer*, 78 Wis. 2d at 523. As stated in *Pohlhammer*, "The jurisdictional question involved is one of personal jurisdiction, that is, *power to proceed to judgment against a particular defendant*, rather than power to proceed against any defendant." *Id.* (Emphasis added.)

*Pohlhammer* suggests that the statute of limitations defense may be waived; however, this must be an express waiver. *Id.* at 524. *Pohlhammer* also states that a plea of not guilty "is a plea of the general issue, and raises all defenses which the defendant has." *Id.* This includes defenses to any lesser included crimes.

The defendant in the instant case, by pleading not guilty, raised the statute of limitations defense. In addition, when later questioned whether he would waive this defense as a condition of receiving the lesser included offense instruction, the defendant stated he would not waive the defense.

The State advances the argument that the Defendant here could not rely on both the right to a lesser included instruction and the right to a statute of limitations defense. The State argues that the Defendant's right to receive a lesser included instruction is conditioned on waiving the right to a statute of limitations defense; the mere request for the lesser included offense instruction somehow amounts to an "implicit" waiver of the statute of limitations defense. We hold that a request for a lesser included offense instruction does not amount to any "implicit" or constructive waiver of a statute of limitations defense. The State's argument is not supported by Wisconsin law with respect to the effect given the statute of limitations. The legislature has set the statute of limitations for misdemeanors at three years.[7] It was

---

[7]We note that in *John v. State,* 96 Wis. 2d 183, 194, 291 N.W.2d 502 (1980), this Court explained:

"The criminal statutes of limitations serve a number of functions but the primary purpose is to protect the accused from having to defend himself against charges of remote misconduct. A corollary purpose is to ensure that criminal prosecutions will be based on evidence that is of recent origin. *It also assures that law enforcement officials will act promptly to investigate and prosecute criminal activity.* This helps to preserve the integrity of the decision-making process in the trial of criminal cases." (Emphasis added.)

It would make little sense to allow the State to obtain a conviction on a misdemeanor offense on which the statute of limitations has

made clear in *Pohlhammer* that when the statute of limitations runs on a crime, the court loses personal jurisdiction over the defendant. The court loses the "power to proceed to judgment." *Pohlhammer,* 78 Wis. 2d at 523. Thus, although the jury may return a verdict convicting the defendant of the misdemeanor offenses, when submitted, the court is precluded from entering a judgment of conviction.

Unlike New York and Florida, the effect of the running of the statute of limitations on a crime in Wisconsin is not to prohibit the trial court from instructing the jury on the elements of the crime. What is prohibited is the trial court entering a judgment of conviction on the time-barred crime. Whether a defendant is entitled to a lesser included offense instruction and whether the statute of limitations has run on a crime are two separate questions.

We note that there has been no challenge raised in this court to Defendant's right to a lesser included offense instruction. Lesser included offenses are dealt with by statute in Wisconsin. Section 939.66(1), Stats., provides:

> **"939.66 Conviction of included crime permitted.** Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (1) A crime which does not require proof of any fact in addition to

run due solely to the fact that the misdemeanor charge constituted a lesser included offense in a timely brought prosecution for a felony offense. Such a result would undermine a legislative enactment and do little to encourage the prompt investigation and prosecution of criminal activity.

those which must be proved for the crime charged.
..."

"When determining whether a crime is a lesser included offense under sec. 939.66(1), Stats., the determinative factor is the statutorily defined elements of the respective crimes." *State v. Verhasselt*, 83 Wis. 2d 647, 664, 266 N.W.2d 342 (1978).

■

Once the trial judge determines that a crime is a lesser included offense of the charged crime, it must then be determined whether the evidence warrants the giving of the instruction. The rule for assessing the evidence has been stated as follows:

> "[I]f the evidence, in one reasonable view, could suffice to prove guilt of the higher degree beyond a reasonable doubt, and if, under a different, but reasonable view, the evidence would suffice to prove guilt of the lower degree beyond a reasonable doubt, but leave a reasonable doubt as to some element included in the higher degree but not in the lower, the court should, if requested, submit the lower degree as well as the higher." *Zenou v. State*, 4 Wis. 2d 655, 668, 91 N.W.2d 208 (1958).

In assessing "reasonableness," the evidence should be viewed in the light most favorable to the defendant. *Garcia v. State*, 73 Wis. 2d 174, 186, 242 N.W.2d 919 (1976).

■

Assuming that the offense is "included" under sec. 939.66, Stats., and that the evidentiary test is satisfied, it is error not to submit a lesser included offense instruction if it is requested by the State or the defendant. *Neuenfeldt v. State*, 29 Wis. 2d 20, 138 N.W.2d 25 (1965).

There has been no objection in this case that the misdemeanor offenses under sec. 221.08(11), Stats., were not lesser included offenses of the felony charges under sec. 221.39. Under the sec. 939.66(1), "statutory elements" test, the misdemeanor charge is similar except for the intent "to injure or defraud" element and is therefore a lesser included offense. Nor has there been any objection claiming that the trial court erred in determining that the evidence warranted the giving of the lesser included offense instruction.[8]

It may be argued that the methodology employed by trial courts in determining whether to issue a lesser included offense instruction requires assessment of whether the defendant could be convicted of the charge. Since a statute of limitations defense

---

[8]The State emphasizes that it is significant it was the Defendant, not the State, who requested the lesser included offense instruction. The rule is the same regardless of which party makes the request.

> "Instructions are the directions of the court as to the law in the case. They are the court's own directions. They are to be correct as to the applicable law. Who requests a given instruction makes no difference upon the problem of propriety. Of course a defendant can sometimes waive an instruction to which he is entitled, or fail to claim one; but a requested instruction must truly reflect the applicable law, no matter who requests it." *Chaifetz v. United States*, 288 F.2d 133, 136 (1960).

We note that even in states giving a different effect to their statutes of limitation, it has been held that a request for a lesser included offense instruction does not work a waiver of the statute of limitations defense. The *Tucker* court concluded:

> "We believe that a mere request for an instruction on the lesser included offense is not an express waiver of the right not to be prosecuted and convicted for an offense for which the statute of limitations has run." *Tucker*, 417 So. 2d at 1013.

arguably precludes conviction, a trial court should therefore not instruct on a time-barred offense. We disagree.

This court recently restated the two-step process involved in determining whether a lesser included instruction should be given. In *State v. Carrington,* 134 Wis. 2d 260, 262 n. 1, 397 N.W.2d 484 (1986), it was stated that the first step was to determine, as a matter of law, whether the offense was lesser included. The second step is to determine whether there is a reasonable basis in the evidence for an acquittal on the greater charge and for a conviction on the lesser charge. *Id. Carrington* makes clear that, in determining whether a lesser included instruction should be given, the second step involves a weighing of the evidence which would be presented to the jury. Thus, the court is assessing the likelihood that the jury would find all the elements of the particular crime. This determination does not relate to the effect the running of a statute of limitations may have with respect to the trial court's personal jurisdiction over the defendant.

We conclude that the running of the statute of limitations does not preclude the jury from reaching a verdict convicting the defendant of a crime; it rather precludes the trial court from entering a judgment of conviction on the finding of guilt.

At oral argument the State urged that to reverse the Defendant's conviction on the misdemeanor charges would work a fraud upon the jury's verdict. The State argues that this court should look to "the purpose of the jury system" and the fact that the jury believed that it was actually convicting the Defendant of the misdemeanor offenses.

In support of this argument, the State cites *Spaziano v. Florida,* 468 U.S. 447 (1984). In *Spaziano,* the petitioner challenged the trial court's failure to instruct the jury on lesser included offenses of capital murder. *Id.* at 449. The petitioner had been indicted and tried for first-degree murder. Under Florida statutes in effect at the time, there was no limitations period for capital offenses, such as first-degree murder, but there was a two-year limitations period for non-capital offenses. *Id.* at 450.

At the close of evidence, the trial court informed the petitioner that it would instruct the jury on various lesser included non-capital offenses, if the petitioner would waive the statute of limitations as to those offenses (which would otherwise have been barred). *Id.* The petitioner refused and the court instructed solely on capital murder. *Id.*

In treating petitioner's argument, the United States Supreme Court addressed the significance of *Beck v. Alabama,* 447 U.S. 625 (1980), which "made clear that in a capital trial, a lesser included offense instruction is a necessary element of a constitutionally fair trial." *Spaziano,* 468 U.S. at 455. The *Spaziano* court noted that the holding in *Beck* was based on the conclusion that depriving the jury of the "third option" of convicting a defendant of a lesser included offense would pose a risk of an "unwarranted conviction." *Spaziano,* 468 U.S. at 454.

However, the *Spaziano* court went on to state:

> "The element the Court in *Beck* found essential to a fair trial was not simply a lesser included offense instruction in the abstract, but the enhanced rationality and reliability the existence of the instruction introduced into the jury's deliberations. *Where no lesser included offense exists,* a

lesser included offense instruction detracts from, rather than enhances, the rationality of the process. *Beck* does not require that result." *Id.* at 455. (Emphasis added.)

The *Spaziano* court reasoned that if the defendant could not be convicted of a lesser included offense, this offense no longer exists, and instructing the jury on the offense "would simply introduce another type of distortion into the factfinding process." *Id.* at 456. The *Spaziano* court stated:

> "*Beck* does not require that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice. Such a rule not only would undermine the public's confidence in the criminal justice system, but it also would do a serious disservice to the goal of rationality on which the *Beck* rule is based." *Id.*

■We disagree with the State that ruling in Defendant's favor would work a fraud upon the jury. We find the reasoning of the *Spaziano* court with respect to "working a fraud upon the jury" has no application in the context of this case.[9] First, we note that the role of the jury in criminal trials in Wisconsin differs significantly from the role of the jury in Florida criminal trials. Florida statutes currently provide that juries are to be appraised of the penalty for the offense for which the accused is being tried. Section 918.10(1), Fla. Stats., (1985) provides:

---

[9]We note that this case is decided on the basis of state law, and not federal constitutional law. In his reply brief, the Defendant argued that the case potentially raises equal protection and due process issues. We can dispose of the case, however, without reaching any constitutional issues.

"**918.10 Charge to jury; request for instructions.**
(1) At the conclusion of argument of counsel, the court shall charge the jury. The charge shall be only on the law of the case and must include the penalty for the offense for which the accused is being charged."

The foregoing provision, providing that the jury is advised of the penalty for the charged offense, has been present since 1945 (*see,* 1945 Fla. Laws, c. 22775, sec. 1), and has appeared in its current form since 1970 (*see,* 1970 Fla. Laws, c. 70–339, sec. 117).

Although Florida courts have interpreted the statute as giving the trial judge discretion whether to apprise the jury of the potential penalties (*see, e.g., Conner v. State,* 253 So. 2d 160 (Fla. App. 1961); *McBride v. State,* 197 So. 2d 850 (Fla. App. 1967); *Holmes v. State,* 181 So. 2d 586 (Fla. App. 1965)), the presence of this direction to trial courts to apprise the juries of penalties for the offenses charged reveals that Florida contemplates a role for the jury that does not comport with the role of the jury in the Wisconsin criminal justice system.

This conclusion is given further support by pointing out the role played by the Florida jury in cases involving capital felonies. In such cases, the court conducts a separate sentencing proceeding to determine whether a convicted defendant should be sentenced to death or life imprisonment. The jury then renders an advisory sentence to the court. This procedure is set out in sec. 921.141(1) and (2), Fla. Stats., (1985).[10] The provisions for the separate sen-

---

[10]Section 921.141(1) and (2), Fla. Stats. (1985) provide, in pertinent part:

tencing proceedings and advisory sentence were adopted by 1972 Florida Laws, c. 72–72, sec. 1. We note that the jury at the trial in *Spaziano* rendered an advisory sentence of life imprisonment. *Spaziano,* 468 U.S. at 451.

The role of the jury in a criminal trial in Wisconsin is to determine whether the elements of the crime were met. In Wisconsin, unlike Florida, the jury is not apprised of the penalty for the charged offense, nor does the jury take any part in recommending or advising as to the proper sentence. While the jury is involved in the factfinding process, and reaches a verdict as to innocence or guilt, it has no duties in the punishment phase of trial.

Meting out punishment is the duty of the court. The duty is set forth in sec. 972.13(2), Stats., which provides:

"921.141 **Sentence of death or life imprisonment for capital felonies; further proceedings to determine sentence.** (1) SEPARATE PROCEEDINGS ON ISSUE OF PENALTY. Upon conviction or adjudication of guilt of a defendant of a capital felony, the court shall conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to death or life imprisonment as authorized by sec. 775.082. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable. . . .

"(2) ADVISORY SENTENCE BY THE JURY. After hearing all the evidence, the jury shall deliberate and tender an advisory sentence to the court, based upon the following matters:

"(a) Whether sufficient aggravating circumstances exist as enumerated in subsection (5);

"(b) Whether sufficient mitigating circumstances exist which outweigh the aggravating circumstances found to exist; and

"(c) Based on these considerations, whether the defendant should be sentenced to life imprisonment or death."

"**972.13 Judgment**. . . . (2) Except in cases where ch. 975 is applicable, upon a judgment of conviction the court shall either impose or withhold sentence and, if the defendant is not fined or imprisoned, the defendant shall be placed on probation as provided in s. 973.09. The court may adjourn the case from time to time for the purpose of pronouncing sentence."

As stated in *State v. Machner,* 101 Wis. 2d 79, 81, 303 N.W.2d 633 (1981), "it is the legislative province to prescribe the punishment for a particular crime and the judicial province to impose that punishment."

Because the jury in a criminal trial in Wisconsin has no involvement in the punishment phase of trial there is no support for the argument that allowing an instruction on a lesser included offense on which no judgment of conviction could be entered detracts from the rationality and reliability of the jury process. The jury operates independently of sentencing and punishment concerns. Thus, observations by the *Spaziano* court on this subject do not apply.

We also note that *Spaziano's* conception that when a statute of limitations runs on a lesser included offense it thereby no longer "exists," does not comport with Wisconsin law and the relationship between the jury and judge in Wisconsin criminal trials. In Wisconsin, the running of a statute of limitations on a particular offense does not mean the offense ceases to exist. A jury may still find, as a matter of fact, that a defendant is guilty of the offense. The consequence of the statute of limitations running on that offense is to preclude the entering of a judgment of conviction for that offense.

The jury here was not "tricked into believing that it ha[d] a choice of crimes, for which to find the

defendant guilty," when, "in reality there [was] no choice." *Spaziano,* 468 U.S. at 456. The jury did have a choice of crimes and *did* find defendant guilty. Here, the jury was given a chance to deliberate and make findings as to what crime was committed. When the jury returned the guilty verdicts it had completed its job.

■

Separate policy concerns, unrelated to the "jury system," are at work in precluding the trial judge from entering a judgment of conviction. These policies relate to the statute of limitations. The legislature has determined that misdemeanors have a three year limitation period. Since the Defendant here was found, as a matter of fact, only to be guilty of two counts of a misdemeanor offense, it follows that he may not be convicted since the limitations period for the offense expired.

*By the Court.*—The judgment of the trial court is reversed and the cause is remanded with directions to vacate the judgment of conviction.

LOUIS J. CECI, J. (*dissenting*). By virtue of its holding, this court is sanctioning the use of a weapon which a defendant may now attempt to use in order to escape conviction. That weapon may be wielded where, as here, the defendant requests a jury instruction for a lesser included offense for which the statute of limitations has already run. Counsel for the defense and the prosecution here were aware of the running of the limitations period. The court was also aware of that fact. However, in accordance with our procedures, the members of the jury were not told that the limitations period had run. The defendant expressly refused to waive the right to assert the statute of

limitations defense. Thereafter, the jury found the defendant guilty of the lesser included offense and acquitted him of the felony charge, undoubtedly believing that a sanction commensurate with the misdemeanor offense would be imposed. Under the majority's rule, in future cases similar to this one, a trial court will be precluded from entering a judgment of conviction due to lack of personal jurisdiction caused by the running of the statute of limitations. The practical result? The defendant escapes punishment.

The majority decision will undoubtedly provide impetus for a defendant to attempt to take advantage of this additional loophole in order to avoid punishment for crimes committed. Perhaps the legislature will recognize this danger and act accordingly. I would avoid this anomalous result by holding that the limitations statute is waivable when a defendant requests the jury instruction for the lesser included offense and thereafter asserts the statute of limitations defense.[1]

Accordingly, I dissent and would uphold the defendant's conviction.

---

[1]*See, Tucker v. State,* 417 So. 2d 1006, 1014 (Fla. Ct. App. 1982).