Budd, J.
(dissenting, with whom Lenk and Hines, JJ., join). Hewing closely to the ruling in Spaziano v. Florida, 468 U.S. 447 (1984), the court concludes that where a defendant seeks an instruction on a time-barred lesser included offense, the defendant must first waive the statute of limitations. Because I believe that under Massachusetts law a defendant cannot be forced to choose between having a jury consider an applicable lesser included offense and asserting a viable defense, I respectfully dissent.
1. Statutory protections. This case concerns the intersection of two important statutory protections afforded to criminal defendants: the statute of limitations and the right to have a jury consider lesser included offenses.
a. Statute of limitations. A defendant’s right to present a defense against the government’s accusations is rooted in the Sixth Amendment, art. 12 of the Massachusetts Declaration of Rights, and G. L. c. 263, § 5. The right entitles a defendant to introduce evidence in his or her own defense and to advance alternative theories of the case based on all the evidence presented. Where such theories and evidence permit an inference that rises to the level of an affirmative defense, the burden shifts to the Commonwealth to disprove the affirmative defense beyond a reasonable doubt. See Commonwealth v. Shanley, 455 Mass. 752, 780-781 & n.37 (2010). The statute of limitations is such an affirmative defense. See id. at 780.
In Massachusetts, the Legislature has set time limits on the prosecution of all criminal offenses except murder and certain types of sexual assault; the time limit for manslaughter is six years. See G. L. c. 277, § 63. Statutes of limitations in criminal cases are common generally. See, e.g., 18 U.S.C. §§ 3281, 3282; Colo. Rev. Stat. § 16-5-401; Kan. Stat. Ann. §21-5107; Ohio *649 Rev. Code Ann. § 29-2901.13. Statutes of limitations represent a policy choice by legislatures to let some individuals who commit crimes go unpunished where the government fails to prosecute within a specified period of time. See Model Penal Code § 1.06 comment, at 86 (Official Draft and Revised Comments 1985). In enacting a statute of limitations, a legislature recognizes that the deterioration of evidence over time, the value of finality to a community, and the possibility that a criminal may redeem himself or herself mean that, at some point, punishment of the wrongdoer is no longer desirable. See id.
Although we have held that a defendant may be deemed to have waived the statute of limitations by failing to raise it at or before trial, see Commonwealth v. Dixon, 458 Mass. 446, 455-456 & n.21 (2010), we nevertheless have looked carefully at the implications of such a waiver. See, e.g., Commonwealth v. Barrett, 418 Mass. 788, 792-793 (1994) (dismissing some indictments and vacating others because defendant’s waiver of statute of limitations defense was due to ineffective assistance of counsel). In any event, an inadvertent waiver, or a voluntary waiver of the statute of limitations as a part of a plea agreement, is quite different from requiring waiver of the defense in order to secure an instruction on a lesser included offense, as the latter infringes on the defendant’s vested right no longer to be punished for a particular offense.
b. Lesser included offenses. In Massachusetts, the power of a jury to find that a defendant has committed a lesser included offense is expressly provided for by statute:
“If a person indicted for a felony is acquitted by the verdict of part of the crime charged, and is convicted of the residue, such verdict may be received and recorded by the court, and thereupon the defendant shall be adjudged guilty of the crime, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly.”
G. L. c. 278, § 12. This statute gives juries the opportunity to determine, as precisely as possible, what the prosecution has, and has not, proved beyond a reasonable doubt.[1] Further, by distinguishing between a conviction by the jury and an adjudication by *650 the judge, the statute provides that the jury’s factual findings set the basis for the judge to figure out the appropriate judgment and sentence for the defendant. In fact, the words “if any” foresee that there may be some convictions found by a jury that do not result in entry of a judgment of guilt — such as, for example, where the statute of limitations provides that, although manslaughter is a crime, it is no longer punishable by law.[2] Cf. State v. Muentner, 138 Wis. 2d 374, 384 (1987) (“although the jury may return a verdict convicting the defendant of the misdemeanor offenses, when submitted, the court is precluded from entering a judgment of conviction” due to statute of limitations).
As the court notes, our jurisprudence holds that either the Commonwealth or the defendant may request a lesser included offense instruction where “the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit [that defendant] of the greater.” Ante at 645, quoting Beck v. Alabama, 447 U.S. 625, 635 (1980). Accord Commonwealth v. Woodward, 427 Mass. 659, 662-664 (1998). In determining whether a jury could rationally find a defendant guilty of a lesser included offense, our courts have historically considered only whether there was sufficient evidence for a jury to find every element of the lesser included offense; we have ignored objec *651 tions based on the credibility of the evidence or on any other ground.[3] See Commonwealth v. Spinucci, 472 Mass. 872, 876-877 (2015); Woodward, supra at 663-664; Commonwealth v. Roby, 12 Pick. 496, 506-508 (1832). Although it can be a distinct advantage to the prosecution,[4] the instruction is also an important protection for the defendant, as “it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal.” Beck, supra at 633. See Woodward, supra at 662 n.6, 664-665.
2. Application of the statutes. Together, the limitations statute, G. L. c. 277, § 63, and the lesser included offense statute, G. L. c. 278, § 12, require that a jury be instructed on any applicable lesser included offenses if a defendant so requests, and that the defendant be able to assert a statute of limitations defense if applicable.
The language of a statute is to be interpreted in accordance with its plain meaning, and if the “language is clear and unambiguous, it is conclusive as to the intent of the Legislature.” Commissioner of Correction v. Superior Court Dep’t of the Trial Court, 446 Mass. 123, 124 (2006), citing Commonwealth v. Clerk-Magistrate of the W. Roxbury Div. of the Dist. Court Dep’t, 439 Mass. 352, 355-356 (2003). Further, “[cjrintinal statutes are to be construed strictly against the Commonwealth and in favor of the defendant,” and we interpret “[cjrintinal limitation statutes ... in *652 favor of repose.” Commonwealth v. McLaughlin, 431 Mass. 241, 250 (2000). Nothing in the language of either the statute of limitations or the statute governing lesser included offenses indicates that one statute should give way to the other simply because both happen to apply. In my view, there is no ambiguity in either statute, and both should be applied as written. Because the defendant has demonstrated that both statutes apply, he is entitled to both the lesser included offense instruction and the statute of limitations defense.[5]
3. The role of the jury. Given the role that Massachusetts juries play in our criminal justice system, the defendant’s assertion of a statute of limitations defense must not be part of the jury’s deliberations. In the Commonwealth, we have separated the duties of the jury from those of the judge. The jury’s role is to find facts and ensure that a defendant is not punished unless the Commonwealth has presented proof of an offense beyond a reasonable doubt. When jurors are instructed on lesser included offenses, they are asked to consider what the Commonwealth has proved beyond a reasonable doubt, and what it has not. In reaching a verdict, jurors may not consider the legal consequences of that verdict, including what, if any, punishment a defendant may receive.[6] See Commonwealth v. Smith, 387 Mass. 900, 911 (1983), quoting Commonwealth v. Burke, 373 Mass. 569, 576 n.3 (1977); E.B. Cypher, Criminal Practice and Procedure § 36:53 (4th ed. 2014). Trial judges purposely do not tell jurors what the result of their work will be, and for good reason: we ask juries to *653 focus on the facts specifically to avoid “result-oriented verdicts and possible deviation from the basic issues of a defendant’s guilt or innocence.”[7] Commonwealth v. A Juvenile, 396 Mass. 108, 112 (1985), citing Commonwealth v. Smallwood, 379 Mass. 878, 882 (1980). Only after a jury find the facts by way of a verdict does the judge attach legal significance to those facts with a judgment or sentence. Thus, where, as here, the statute of limitations is not a fact in dispute, it is not a question of fact to be determined by the jury. The actual operation of that statute does not involve the jury’s role as fact finder and should not play any role in the jury’s deliberations.
The court expresses concern that giving a defendant the opportunity to assert a statute of limitations defense in connection with a lesser included defense, without informing the jury that the defendant may not be punished due to the fact that the limitations period has run, tricks the jury and would thereby undermine their faith in the court system. Ante at 646, citing Spaziano, 468 U.S. at 456. I acknowledge this concern; however, the same could be said any time a judge allows a motion for a required finding of not guilty after the verdict — in each situation, the jury play their role and the judge, hers.[8] Further, G. L. c. 278, § 12, appears to have foreseen precisely such a result, as it provides that once a defendant is “convicted of the residue” of a charged crime, the court shall “adjudge[ ]” the defendant “guilty of the crime, if any, which appears to the court to be substantially charged by the residue” (emphasis added). Thus, the Legislature has expressly provided that in some cases, even where the jury have found the defendant guilty, he or she will not be adjudged guilty or punished for a crime. This is at least facially similar to other situations in which jurors may be surprised, and even dismayed, to learn that a defendant faces a longer period of incarceration than they might have expected or, if they could have chosen, than they would have imposed. Moreover, as the court points out, courts keep information from juries all the time due to the operation of *654 our constitutional, statutory, and common law. The situation before us is no different from the examples provided by the court: the goal in each instance is to ensure that the jury base their findings solely on lawfully obtained evidence that is relevant to the question of guilt.[9]
Because this situation is not substantially different from others where the jury are “kept in the dark,” at bottom, the concern appears to be that, where a defendant is convicted but cannot be punished due to the statute of limitations, the jury will feel that a defendant who committed a crime unfairly goes without punishment.[10] Given that the purpose of the statute is to bar prosecutions past a certain time period, such an outcome is clearly a possibility contemplated by the Legislature for any criminal act where the statute has run. Had the Legislature wanted to, it could have specified exceptions in either the limitations statute or the lesser included offense statute to avoid such an outcome.[11] See McLaughlin, 431 Mass. at 250 (“The appropriate statute of limita *655 tions is a matter for the Legislature”).
In any case, a juror’s potential disappointment with how a case might turn out is hardly a reason to read into our statutes provisions that simply are not there, see Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999), or to upend our long tradition of how we treat a jury verdict in a criminal trial. See note 1, supra.
4. The court’s approach. The court’s approach allows the choice of applying either the statute of limitations or the statute governing lesser included offenses when, as outlined above, both should apply.
Citing the United States Supreme Court’s decision in the Spaziano case,[12] the court here concludes that ‘“[wjhere no lesser included offense exists [i.e., because the defendant cannot be punished for the lesser included offense due to the statute of limitations, the] lesser included offense instruction detracts from, rather than enhances, the rationality of the process.” Ante at 645, quoting Spaziano, 468 U.S. at 455. I disagree.
In my view, the court relies too heavily on Spaziano, a Florida case involving the death penalty, in determining a defendant’s rights in Massachusetts. The United States Supreme Court’s decisions in both the Beck and Spaziano cases could be read to require a lesser included offense instruction only where the defendant faces the death penalty. See Adlestein, Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial, 37 Wm. & Mary L. Rev. 199,229 (1995) (“After Beck, Spaziano, and Schad.[13] the Constitution would thus appear to require a state court to provide a lesser offense option to the charged offense *656 only if the charged offense is punishable by death . .Thus, for States that do not have the death penalty, Spaziano arguably would not require a court to give a lesser included offense instruction at all as a matter of Federal constitutional law. Moreover, the Supreme Court has stated that so long as any lesser included offense instruction with support in the evidence is given, Federal due process is satisfied. See Schad v. Arizona, 501 U.S. 624, 645-648 (1991).[14] In Massachusetts, however, as discussed previously, a defendant is entitled by statute and common law to have a jury consider lesser included offenses, regardless of whether the offense is time barred.
5. Conclusion. The court reasons that requiring the defendant to choose between the statute of limitations defense and having the jury receive a lesser included offense instruction “strikes the best balance between protecting the ‘rationality of the process’ and a defendant’s due process rights.” Ante at 645. I believe, instead, that forcing a defendant to make a choice between the application of one statute or the other, when he or she is entitled to both, undermines, rather than protects, the rationality of the process, and elevates the speculative concerns of a jury over the statutory rights of a defendant.[15]
*657 The approach of the court has the effect of forcing the defendant to choose between an all-or-nothing defense (depriving him of the right to be found guilty of no more than what the Commonwealth has proved beyond a reasonable doubt) and waiving the statute of limitations on the lesser included offense (a viable affirmative defense). Given our statutory law, this Hobson’s choice is untenable. For these reasons, I respectfully dissent.

In Massachusetts, the concept of a lesser included offense is framed in terms of a power (and duty) of a jury as an aspect of a fair trial. It stems from the English common law, was codified by the Massachusetts Legislature shortly *650 following the enactment of the Constitution of 1780, and has changed very little since. See St. 1784, c. 66, § 11; Commonwealth v. Gosselin, 365 Mass. 116, 118-119 (1974).
Because Massachusetts treats lesser included offenses as an inherent part of a jury’s consideration of guilt, rather than purely as a procedural request that parties may make at trial, the ability of a jury to consider lesser included offenses is a much more fundamental aspect of a jury trial under our Constitution. See Opinion of the Justices, 126 Mass. 557, 594-595 (1878) (practical exposition of Constitution by administrative and legislative branches, “especially if nearly contemporaneous with the establishment of the Constitution, and followed and acquiesced in for a long period of years afterwards, is never to be lightly disregarded, and is often conclusive”). Accord Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 420 (1821) (using Judiciary Act of 1789 as contemporaneous exposition of Constitution and thus as tool of constitutional construction).

The court states: “If a lesser included offense is time barred, the defendant cannot be adjudged guilty of that crime, and, as we conclude supra, a defendant’s entitlement to a lesser included offense instruction extends only to those of which he or she can be convicted.” Ante at note 5. This holding, however, renders meaningless the provision in § 12 that provides that a jury’s verdict on the “residue” (a lesser included offense) may not be translated into a judgment of guilt. In addition, taken literally, this holding would preclude postverdict rulings by the judge, including those on renewed motions for a required finding of not guilty.

The court changes this traditional approach by creating an exception for cases where the statute of limitations has run on the lesser included offense. The court then concludes that, where the statute of limitations is in dispute, the defendant is not entitled to have the jury simultaneously instructed on both defenses; instead, a special question regarding the statute of must be given to the jury prior to the bulk of the instructions. See ante at note 6. This is not the rule in the Commonwealth, as instructions on affirmative defenses are usually given alongside the rest of the jury instructions. See, e.g., Commonwealth v. White, 475 Mass. 724, 732-734 (2016) (statute of limitations instruction was given toward end of full jury charge); Model Jury Instructions on Homicide 18 (2013) (instruction on affirmative defense of self-defense “may be given . . . prior to the murder instruction or inserted within the murder instruction”). See also Commonwealth v. Shanley, 455 Mass. 752, 780-781 (2010) (“We have repeatedly referred to the statute of limitations defense as an affirmative defense . . .”). The court fails to explain this change in our jurisprudence, or why the statute of limitations should differ from any other disputed affirmative defense.

“If the [Commonwealth fails] to produce sufficient evidence to prove the crime charged, it might still persuade the jury that the defendant was guilty of something.” Spaziano v. Florida, 468 U.S. 447, 456 (1984), citing Beck v. Alabama, 447 U.S. 625, 633 (1980). See Commonwealth v. Woodward, 427 Mass. 659, 664-665 (1998).

This accords with the approach taken by courts in New Jersey, see ante at 646-647, and Wisconsin. See State v. Short, 131 N.J. 47, 56-58 (1993); State v. Muentner, 138 Wis. 2d 374, 392-393 (1987).
In Short, 131 N.J. at 54-55, the New Jersey Supreme Court reasoned that the statute of limitations created a vested right in the defendant that could not be withdrawn by the courts without an express exception in the statute or commentary. The court also concluded that “the right to have the jury consider lesser included offenses implicates ‘the very core of the guarantee of a fair' trial’ ” (citation omitted). Id, at 53. As a result, the New Jersey Supreme Court held that the defendant was entitled both to a jury instruction on manslaughter and to raise the statute of limitations following the verdict. Id, at 60, citing Muentner, supra (“A defendant’s right to a fair trial cannot be conditioned on his or her giving up a vested right to a statute of limitations defense, and a defendant’s vested right to a statute of limitations cannot be conditioned on his or her giving up the right to a fair' trial”).

In contrast, in some States, like Florida, by statute, the jury must be instructed on the penalty for the offense for which the accused is being charged. See Fla. Stat. § 918.10(1).

See, e.g.. Model Jury Instructions on Homicide 11 (“[Yjour decision should be based solely on the evidence and the law of this case, without regard to the possible consequences of the verdicts. You may not consider sentencing or punishment in reaching your verdicts”).

It is also worth noting that, if Massachusetts, like Florida, informed the jury of the sentencing consequences of a guilty verdict (see note 6, supra), then dismissed the case due to the statute of limitations, that truly would be tricking the jury.

It bears noting that information withheld from the jury or suppressed evidence is often evidence that bears directly on a defendant’s guilt or innocence. Here, information regarding the operation of the statute of limitations has nothing at all to do with the defendant’s culpability and would serve no other purpose than to invite the jury to return a “result-oriented” verdict. For that reason I do not subscribe to the approach, outlined in State v. Delisle, 162 Vt. 293, 304-305 (1994), in which the judge not only instructs the jury on the lesser included offense but also informs them that the statute of limitations will bar any punishment for that offense.

This sentiment is not limited to juries. Following the verdicts in this case, the judge reduced the degree of guilt with respect to the murder conviction to murder in the second degree. The judge declined to consider reducing the defendant’s degree of guilt to manslaughter, reasoning that even if the weight of the evidence were consistent with that degree of guilt, reduction to manslaughter would not be consonant with justice because the statute of limitations would preclude punishment for the crime. This view misapprehends the statute of limitations and overlooks its purpose. If a defendant’s acts would constitute manslaughter, but the statute of limitations has run, then the Legislature has expressly prohibited punishment for that crime in those circumstances.

For example, the Legislature could have chosen to take the approach taken by Maine and Utah, where the statute of limitations is not a bar to an instruction (and punishment) for a lesser included offense so long as the statute of limitations has not run on the greater offense with which the defendant was charged. See Me. Rev. Stat. tit. 17-A, § 8(7) (on condition that “there is evidence which would sustain a conviction for the crime charged”); Utah Code Ann. § 76-1-305. Alternatively, the Legislature could have removed entirely the statute of limitations for manslaughter. See, e.g., Short, 131 N.J. at 57 (discussing New Jersey Legislature’s decision to remove all time bars for manslaughter by amending N.J. Stat. Ann. § 2C:1-6).

Spaziano, 468 U.S. 447, has been overturned in part by Hurst v. Florida, 136 S. Ct. 616, 623-624 (2016). In Spaziano, supra at 457-467, the United States Supreme Court concluded that Florida’s capital sentencing scheme was constitutional even where some of the aggravating factors resulting in the death penalty were found by a judge rather than a jury. The Court overruled that part of the decision in Hurst, reasoning that the jury’s opinion could not be advisory in a capital trial. Even though the Court did not overturn the portion of Spaziano concerning lesser included instructions, Hurst represents a shift in perspective regarding the role of the jury. See Hurst, supra at 624 (“Time and subsequent cases have washed away the logic of Spaziano'’).

In Schad v. Arizona, 501 U.S. 624 (1991), the United States Supreme Court held that due process was satisfied where a jury considering an indictment for capital felony-murder was also instructed on murder in the second degree. Id. at 646-648. The Court reasoned that Beck provided for a lesser included offense only to avoid “an all-or-nothing choice between capital murder and innocence.” Id. at 646-647, quoting Spaziano, 468 U.S. at 455. Thus, because the jury were instructed on second-degree murder, the defendant was not constitutionally *656 entitled to an instruction on the lesser included offense of robbery. Id. at 645-648.

In response, the court states that the United States Supreme Court’s opinions in Spaziano and Beck only support its position that “due process does not require [a lesser included offense instruction] in non-death-penalty cases” where the statute of limitations has passed. Ante at note 4. See ante at 644 (“We conclude that due process in Massachusetts does not require more than the Federal rule articulated in Spaziano”). This misses the point. The important note here is that Massachusetts already provides a more protective standard than the Federal rule, as we give defendants the right to a lesser included offense instruction even though they do not face the death penalty. Moreover, unlike the Federal rule, Massachusetts generally entitles both the defendant and the Commonwealth to request all of the lesser included offense instructions that would reasonably be supported by the evidence adduced at trial; otherwise, this case would likely not be before us, as this defendant did receive an instruction on the lesser included offense of murder in the second degree. See Woodward, 427 Mass. at 662 (where judge instructed jury on murder in first degree and murder in second degree. Commonwealth could also request instruction on involuntary manslaughter). In concluding that this defendant is not entitled to a more protective rule than that articulated in Spaziano. the court fails to acknowledge the existing differences between the Federal rule and ours, and why Massachusetts provides a more protective standard.

Although I disagree with the court’s prioritization of the jury’s speculative concerns, an alternative approach is available to avoid diminishing the defend *657 ant’s rights. In cases where an essential element of the charged crime is in dispute but a lesser included offense is theoretically haired by the statute of limitations, a trial judge could instruct the jury to return a general verdict with a special question as to the essential element in dispute (in this case, malice). Where the jury’s answer to the special question reveals that the disputed element is not present, and the appropriate verdict would be a time-barred offense, the judge would enter a judgment of “not guilty” because of the statute of limitations.