COURT OF APPEALS
DECISION
DATED AND FILED

October 16, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1694-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF1356

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

DANIEL C. VANDERPOOL,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and an order of the circuit court for Kenosha County: JASON A. ROSSELL, Judge. *Affirmed*.

        Before Gundrum, P.J., Grogan and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Daniel C. Vanderpool appeals a judgment convicting him of first-degree intentional homicide with use of a dangerous weapon, as a repeater; driving a vehicle without the owner's consent, as a habitual criminal; and bail jumping, as a habitual criminal. He also appeals an order denying his motion for postconviction relief. Vanderpool argues that: (1) he received ineffective assistance of trial counsel because his counsel failed to request or adequately argue for certain jury instructions; (2) the circuit court misused its discretion in denying his motion to admit expert testimony from Dr. Amanda Brost; and (3) he is entitled to discretionary reversal pursuant WIS. STAT. § 752.35 (2021-22).[1] We affirm.

¶2    Vanderpool was convicted of the charges for the stabbing death of J.K. According to Vanderpool's testimony at trial, J.K. was a friend he met through a dating website. Vanderpool testified that on the evening of J.K.'s murder, J.K. made sexual advances towards him while they were hanging out in J.K.'s apartment, leading Vanderpool to fear for his life. Vanderpool testified that he grabbed a knife and slashed out at J.K. and then blacked out. Vanderpool claimed that his next memory was at a different friend's house. J.K.'s body was discovered days later with over twenty ferocious stab wounds, leading to Vanderpool's arrest and subsequent trial.

¶3    During his trial, Vanderpool's defense centered on his claim that he acted in self-defense and that his actions were influenced by post-traumatic stress disorder (PTSD) stemming from past traumatic experiences. His defense counsel,

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

however, did not request a jury instruction on perfect self-defense or instructions for the lesser-included offense of first-degree reckless homicide, which Vanderpool argues was a critical oversight. The jury convicted Vanderpool. In his postconviction motion, Vanderpool argued that he received ineffective assistance of counsel. The circuit court denied Vanderpool's motion without an evidentiary hearing. This appeal follows.

¶4 Vanderpool argues that his trial counsel provided him with constitutionally ineffective assistance by failing to request or adequately argue for three jury instructions. "The purpose of a jury instruction is to fully and fairly inform the jury of a rule or principle of law applicable to a particular case." *State v. Hubbard*, 2008 WI 92, ¶26, 313 Wis. 2d 1, 752 N.W.2d 839 (citations omitted). "[A] circuit court has broad discretion in deciding whether to give a particular jury instruction." *State v. Fonte*, 2005 WI 77, ¶9, 281 Wis. 2d 654, 698 N.W.2d 594.

¶5 The legal standard for evaluating claims of ineffective assistance of counsel is well established. To prevail, a defendant must demonstrate: (1) that counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced the defense, meaning there is a reasonable probability that the result of the trial would have been different but for the counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On appeal, we defer to the circuit court's findings of fact unless they are clearly erroneous, but we review the ultimate legal question of whether the defendant received constitutionally ineffective assistance de novo. *State v. Thiel*, 2003 WI 111, ¶24, 264 Wis. 2d 571, 665 N.W.2d 305.

¶6 There are two different types of self-defense recognized in Wisconsin law. "Perfect self-defense" is when a defendant argues that the force

he or she used against the victim was necessary to prevent the threat of imminent death or great bodily harm. *See State v. Head*, 2002 WI 99, ¶66, 255 Wis. 2d 194, 648 N.W.2d 413. "Imperfect self-defense" is when a defendant argues that he or she used force to defend themselves from the threat of imminent death or great bodily harm but the amount of force used was unnecessary under the circumstances. *Id.*, ¶69

¶7     Vanderpool's first ineffective assistance of counsel argument is premised on his claim that his trial counsel should have requested a jury instruction on perfect self-defense.[2] Rather than seeking an instruction on perfect self-defense, Vanderpool's trial counsel sought an instruction on imperfect self-defense.

¶8     "[A] defendant seeking a jury instruction on perfect self-defense to a charge of first-degree intentional homicide must satisfy an objective threshold showing that she *reasonably* believed that she was preventing or terminating an unlawful interference with her person and *reasonably* believed that the force she used was necessary to prevent imminent death or great bodily harm." *Id.*, ¶4 (emphases in original).

¶9     Vanderpool testified at trial that J.K. pushed him against a wall and started kissing him. Vanderpool further testified that he believed that he was going to be forced to have sexual intercourse, although he did not want to do so at that time, so he slashed out at J.K. with a knife that he noticed was within reach. Vanderpool said that he then blacked out.

---

[2] We note that Vanderpool had two attorneys representing him at trial.

¶10    We conclude that the circuit court did not erroneously exercise its discretion when it denied Vanderpool's request for a jury instruction on perfect self-defense.  The trial evidence did not support such an instruction.  Vanderpool testified with respect to what happened only *before* he blacked out.  He did not explain what his state of mind was when he repeatedly stabbed J.K. after the initial slash, and he did not shed light on whether he believed that the amount of force he used against J.K. was reasonably necessary to prevent imminent death or great bodily harm.  There was no evidence about whether J.K. remained a threat and no evidence about what Vanderpool was thinking at the time of his attack on J.K.  In contrast, other trial evidence showed that the amount of force used against J.K. was extreme.  He was stabbed approximately twenty-two times, eight of which would have been fatal if inflicted by themselves, and his right index finger was completely severed at the second knuckle.

¶11    In short, Vanderpool's claimed blackout reduced any assertions about what he was thinking and the reasons for his actions to pure speculation.  The evidence adduced at trial did not meet the legal standard for providing a perfect self-defense jury instruction because Vanderpool did not show that the amount of force he used was necessary, based on an objective standard of reasonableness, to prevent his imminent death or great bodily harm.  Because the jury instruction was not supported by the evidence, trial counsel did not render ineffective assistance by failing to request it.  *See State v. Wheat*, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441 (failing to raise an issue is not deficient performance if the issue is without merit).

¶12    Vanderpool's second ineffective assistance of counsel argument is premised on his claim that his trial counsel should have requested a jury instruction on the lesser-included offense of first-degree reckless homicide.  A

person is guilty of first-degree reckless homicide if he or she recklessly causes another person's death under circumstances that show utter disregard for human life. WIS. STAT. § 940.02(1). Vanderpool contends that this instruction was warranted because his actions in inflicting the stab wounds on J.K. arguably showed utter disregard for human life.

¶13 Vanderpool's claim of ineffective assistance of counsel with regard to this jury instruction fails because Vanderpool has not shown prejudice. Vanderpool has not shown that the circuit court would have given the instruction, had it been requested. A lesser-included offense instruction is appropriate when "there is a reasonable basis in the evidence for an acquittal on the greater charge and for a conviction on the lesser charge." *State v. Muentner*, 138 Wis. 2d 374, 387, 406 N.W.2d 415 (1987). Vanderpool wholly fails to show that he meets this standard. His trial testimony provided no grounds for the jury to ascertain that he acted with utter disregard for human life as opposed to with an intent to kill. We agree with the State that "Vanderpool does not offer any theory for how the jury could find him not guilty of first-degree intentional homicide but guilty of first-degree reckless homicide." Again, Vanderpool's claim of ineffective assistance of counsel lacks merit. *Wheat*, 256 Wis. 2d 270, ¶14.

¶14 Vanderpool's third ineffective assistance of counsel argument is premised on his claim that his trial counsel should have done a better job in arguing for a jury instruction on the lesser-included offense of second-degree intentional homicide (imperfect self-defense). The circuit court denied Vanderpool's request for this instruction because Vanderpool's testimony did not support it, not because the argument of his counsel was not persuasive enough. A defendant is entitled to an imperfect self-defense instruction only if there is some evidence to show that he held a subjective belief that he was in danger of

imminent death or great bodily harm, regardless of whether the belief was reasonable. *Head*, 255 Wis. 2d 194, ¶124; WIS. STAT. § 940.01(2)(b). Due to his claimed blackout, Vanderpool did not provide testimony about what he thought or subjectively believed at the time he inflicted the numerous fatal stab wounds on J.K. This instruction was not supported by the evidence, and therefore, Vanderpool has not shown that his trial counsel rendered ineffective assistance.

¶15 Vanderpool next contends that the circuit court misused its discretion in excluding the testimony of his proposed expert witness, Dr. Amelia Brost, a licensed psychologist who evaluated him and diagnosed him with PTSD. Vanderpool argues that Dr. Brost's testimony was crucial to his defense because it would have provided the jury with an understanding of how his PTSD influenced his perception of the events leading to his attack on J.K.

¶16 Expert testimony is admissible if it will assist the trier of fact to understand the evidence or to determine a fact in issue. WIS. STAT. § 907.02(1). We review the circuit court's decision to admit or exclude expert testimony for an erroneous exercise of discretion. *State v. Dobbs*, 2020 WI 64, ¶27, 392 Wis. 2d 505, 945 N.W.2d 609.

¶17 The circuit court excluded Dr. Brost's testimony on the grounds that it would not have assisted the jury in determining the central issues of whether Vanderpool acted in self-defense or had the requisite intent to commit homicide. While Dr. Brost could have testified about the general effects of PTSD, she could not provide specific insight into Vanderpool's intent or state of mind during the incident. Her testimony would not have aided the jurors in determining whether Vanderpool was guilty or innocent. Therefore, we conclude that the circuit court properly exercised its discretion in deciding to exclude Dr. Brost's testimony.

¶18 Finally, Vanderpool argues that he is entitled to discretionary reversal pursuant to WIS. STAT. § 752.35. That statute allows this court to reverse a judgment or order for a new trial in the interest of justice whenever the real controversy has not been fully tried and it is probable that justice has for any reason miscarried. *Id.* We have rejected Vanderpool's arguments that he received ineffective assistance of counsel and that the circuit court misused its discretion in prohibiting Dr. Brost's testimony. There is nothing about this case that suggests to us that the real controversy has not been tried. Vanderpool has failed to establish that he is entitled to relief under this statute.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.